**The UNITED STATES, Appellant,**

v.

**RELIABLE CHEMICAL COMPANY, Appellee.**

**Appeal No. 79–8.**
**C.A.D. 1232.**

United States Court of Customs
and Patent Appeals.

Sept. 13, 1979.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., David M. Cohen, Acting Director, Joseph I. Liebman, Saul Davis, New York City, for the United States.

Ralph W. Kalish, St. Louis, Mo., attorney of record, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN and MILLER, Associate Judges, and PENN,* Judge.

PENN, Judge.

This is an interlocutory appeal, pursuant to 28 U.S.C. § 1541(b),[1] from an order and opinion of the United States Customs Court, reported at 81 Cust.Ct. 154, C.R.D. 78–11, 465 F.Supp. 1291 (1978), denying the Government's (appellant's) motion to dismiss for lack of jurisdiction. We reverse.

### Background

Reliable Chemical Company (appellee) imported certain merchandise at the port of St. Louis in 1973, which merchandise was appraised by the District Director. Appellee, dissatisfied with the appraisement, filed a protest on 22 July 1975. Prior to filing its protest, appellee received Customs Form 4333–A, a blank copy of which appears as follows:

Your entry was liquidated on the date indicated for the liquidation amount. Any difference between this amount and the initial amount paid will be billed or refunded to you.

---

* The Honorable John G. Penn, United States District Court for the District of Columbia, sitting by designation.

1. § 1541. Appeals from Customs Court decisions

     *    *    *    *    *    *

    (b) When the chief judge of the Customs Court issues an order under the provisions of section 256(b) of this title; or when any judge in the Customs Court, in issuing any other interlocutory order, includes in the order a statement that a controlling question of law is involved as to which there is substantial ground for difference of opinion and that an immediate appeal from its order may materially advance the ultimate termination of the litigation, the Court of Customs and Patent Appeals may, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That neither the application for nor the granting of an appeal hereunder stays proceedings in the Customs Court unless a stay is ordered by a judge of the Customs Court or by the Court of Customs and Patent Appeals or a judge of that court.

The date of the bulletin notice of liquidation [2] was 25 July 1975, three days *after* the protest was filed. The protest was denied on 30 October 1975, and appellee, pursuant to 28 U.S.C. § 1582(a),[3] filed a summons in the Customs Court on 2 February 1976.

Appellant, on 6 February 1978, filed a motion to dismiss for lack of jurisdiction. According to appellant, since the protest was filed before the bulletin notice of liquidation, the date of liquidation provided for by the regulations, it was filed prematurely in contravention of section 514(b)(2)(A) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1514(b)(2)(A)[4] [hereinafter, section 514(b)(2)(A)]. Accordingly, appellant argued, the Customs Court lacked jurisdiction. With respect to Customs Form 4333–A, appellant submitted an affidavit by the Chief of Data Center Operations Branch of the Customs Service. According to the affidavit, Customs Form 4333–A is merely a "courtesy notice of the anticipated liquidation," mailed to the importer prior to the date of the bulletin notice of liquidation.

*Customs Court*

The Customs Court denied appellant's motion to dismiss. It viewed the "courtesy" notice as a notice of liquidation sufficient to be protested under section 514 notwithstanding that the bulletin notice of liquidation was made on 25 July 1975, that the protest was filed on 22 July 1975, and that the "courtesy" notice is not the notice established by 19 CFR 159.9. According to the court, while the "courtesy" notice indicated a future liquidation date, the "dominant impression" of the document is that of conveying notice of a decision already reached. The court then stated that:

It would be improper for defendant, having chosen this form of notice, to then fall back on its regulations and attack the natural, reasonable and diligent response of plaintiff as premature under the law and it would be unjust for a court to sanction such conduct.

While appellant's motion for rehearing and reconsideration was denied, the court

---

**2.** Notice of liquidation and date of liquidation are defined by 19 CFR 159.9 (1975), which reads, in pertinent part:

*§ 159.9 Notice of Liquidation and date of liquidation for formal entries.*

(a) *Bulletin notice of liquidation*: Notice of liquidation of formal entries shall be made on a bulletin notice of liquidation, Customs Form 4333 or 4335 . . . .

(b) *Posting of bulletin notice*: The bulletin notice of liquidation shall be posted for the information of importers in a conspicuous place in the customhouse at the port of entry . . . .

(c) *Date of liquidation*: The bulletin notice of liquidation shall be dated with the date it is posted or lodged in the customhouse for the information of importers. The entries for which the bulletin notice of liquidation has been prepared shall be stamped "Liquidated" with the date of liquidation, which shall be the same as the date of the bulletin notice of liquidation. Such stamping shall be deemed the legal evidence of liquidation.

The "liquidation" of an entry is the final administrative determination of all monies owed the Government with regard to each particular entry of merchandise. *See* 19 CFR 159.1 (1975).

**3.** *§ 1582. Jurisdiction of the Customs Court*

(a) The Customs Court shall have exclusive jurisdiction of civil actions instituted by any person whose protest pursuant to the Tariff

Act of 1930, as amended, has been denied, in whole or in part, by the appropriate customs officer, where the administrative decision, including the legality of all orders and findings entering into the same, involves: (1) the appraised value of merchandise; (2) the classification and rate and amount of duties chargeable; (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury; (4) the exclusion of merchandise from entry or delivery under any provisions of the customs laws; (5) the liquidation or reliquidation of an entry, or a modification thereof; (6) the refusal to pay a claim for drawback; or (7) the refusal to reliquidate an entry under section 520(c) of the Tariff Act of 1930, as amended.

**4.** 19 U.S.C. § 1514(b)(2)(A)

*§ 1514. Protest against decision of appropriate customs officer.*

\* \* \* \* \* \*

(b) *Form, number, and amendment of protest; filing of protest.*

\* \* \* \* \* \*

(2) A protest of a decision, order, or finding described in subsection (a) of this section shall be filed with such customs officer within ninety days after but not before—

(A) notice of liquidation or reliquidation

. . . . . .

permitted appellant to institute the present interlocutory appeal.

## OPINION

■ The Customs Court has jurisdiction of a civil action instituted by any person whose protest pursuant to the Tariff Act of 1930, as amended, has been denied, 28 U.S.C. § 1582(a).[5] That jurisdiction is limited by 28 U.S.C. § 1582(c)[6] which requires, *inter alia*, that a protest be filed as prescribed by section 514. *See United States v. Nils A. Boe*, 64 CCPA 11, C.A.D. 1177, 543 F.2d 151 (1976). Under section 514(b)(2)(A),[7] a protest must be filed "within ninety days after *but not before . . .* notice of liquidation . . . ." [Emphasis added.] Section 500(e) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1500(e)[8] [hereinafter, section 500(e)], specifies that "notice of liquidation" shall be in the form specified by the Secretary in the "regulations." The relevant regulation, 19 CFR 159.9,[9] indicates that "[n]otice of liquidation" shall be made on a "bulletin notice of liquidation," which bulletin notice shall be posted in the customhouse at the port of entry, and that the date of liquidation shall be the date the bulletin notice is posted in the customhouse. According to the record, the bulletin notice of liquidation was posted on 25 July 1975, and the protest was filed on 22 July 1975, three days *before* the date of the bulletin notice.[10] Since the protest was filed before the date of the bulletin notice of liquidation, the notice of liquida-

tion provided for by regulation pursuant to section 500(e), and since section 514(b)(2)(A) *expressly proscribes* filing a protest before the date of liquidation, we are constrained to conclude that the Customs Court erred in its determination that it had subject matter jurisdiction. *See United States v. Nils A. Boe, supra* at 17, 543 F.2d at 156; *Faber, Coe & Gregg Inc. v. United States*, 19 CCPA 8, 14, T.D. 44851, *cert. denied*, 284 U.S. 634, 52 S.Ct. 18, 76 L.Ed. 539 (1931).

The thrust of the Customs Court opinion is that since the "courtesy" notice gave the "dominant impression" of a decision already reached, appellee was led to believe that liquidation had already occurred. Therefore, according to the Customs Court, the Government should not be permitted to "fall back on its regulations and attack the natural, reasonable and diligent response of plaintiff as premature under the law . . . ." Although the court did not expressly enunciate the legal theory upon which it relied, it would appear, from the language it used, that it was equitable estoppel or waiver. For reasons to be discussed hereinbelow, we disagree with the court's express finding of fact and implicit conclusion of law.

■ The protest, which the appellee prepared, indicated that the date of liquidation was 25 July 1975.[11] (The date of liquidation is not necessarily the same as the date on which the importer becomes aware of the liquidation. See 19 CFR 159.9 (1975), *supra*,

---

5. See note 3, *supra*.

6. 28 U.S.C. § 1582(c):

   *§ 1582. Jurisdiction of the Customs Court*
   
   \* \* \* \* \* \*
   
   (c) The Customs Court shall not have jurisdiction of an action unless (1) either a protest has been filed, as prescribed by section 514 of the Tariff Act of 1930, as amended, and denied in accordance with the provisions of section 515 of the Tariff Act of 1930, as amended, or if the action relates to a decision under section 516 of the Tariff Act of 1930, as amended, all remedies prescribed therein have been exhausted, and (2) except in the case of an action relating to a decision under section 516 of the Tariff Act of 1930, as amended, all liquidated duties, charges or exactions have been paid at the time the action is filed.

7. See note 4, *supra*.

8. 19 U.S.C. § 1500(e)

   *§ 1500. Appraisement, classification, and liquidation procedure.*
   
   The appropriate customs officer shall, under rules and regulations prescribed by the Secretary—
   
   \* \* \* \* \* \*
   
   (e) give notice of such liquidation to the importer, his consignee, or agent in such form and manner as the Secretary shall prescribe in such regulations.

9. See note 2, *supra*.

10. The record includes an affidavit by the Director, Classifications and Value, of the St. Louis District of the Customs Service, which supports these dates.

11. The summons appellee filed in the Customs Court also specified the date of liquidation as 25 July 1975.

n.2.) The Customs Court, in its opinion, indicated that the "courtesy" notice also gave 25 July 1975 as the date of liquidation.[12] On these facts, appellee could not reasonably have believed that liquidation occurred prior to 25 July 1975. That appellee's premature filing may have resulted from ignorance of the express prohibition against such filing in section 514(b)(2)(A) cannot justify disregard of that prohibition.

Even assuming, *arguendo,* appellee may have been misled by the issuance of the "courtesy" notice, the Customs Court's apparent reliance on equitable estoppel was misplaced, since equitable estoppel is not available against the Government in cases involving the collection or refund of duties on imports. *Air-Sea Brokers, Inc. v. United States,* 66 CCPA ——, C.A.D. 1222, 596 F.2d 1008 (1979).

Nor can the theory of waiver be relied upon in this case. That the Customs Service processed appellee's premature protest does not constitute a waiver of the provisions of section 514(b)(2)(A). Since the provisions of that section are jurisdictional, *United States v. Nils A. Boe, supra,* they cannot be waived by the Customs Service. *See James Akeroyd & Son v. United States,* 19 CCPA 249, 258, T.D. 45341 (1931), *cert. denied,* 285 U.S. 550, 52 S.Ct. 406, 76 L.Ed. 941 (1932). Moreover, the Customs Service's processing of appellee's "protest" could not revive it, since it was never effective, having been filed before liquidation.

We recognize the Customs Court's concern for fairness. Inequity here, however, is more apparent than real. Early notice of liquidation, forwarded as a "courtesy" by the Government, is not and cannot be converted into the statutory notice at the election of an importer. To weaken or ignore clear and specific rules regarding the bulletin notice of liquidation could result in such uncertainty as to produce unfairness to the Government and to other importers.

Accordingly, the order of the Customs Court denying appellant's motion to dismiss for lack of jurisdiction is *reversed.*

---

**12.** Since appellee, in its memorandum submitted in lieu of brief, indicated that it would rely entirely upon the position expressed by the Customs Court, we will assume that this is the date of liquidation specified in the "courtesy" notice. The actual "courtesy" notice sent appellee is not in the record since appellee was unable to locate it.