569 F. Supp. 65

THE TIMKEN COMPANY, PLAINTIFF *v.* UNITED STATES, ET AL., DEFENDANTS, NTN BEARING CORPORATION OF AMERICA, INTERVENOR

Court No. 82-6-00890

Before MALETZ, *Senior Judge.*

(Dated August 1, 1983)

*Eugene L. Stewart, Terence P. Stewart* and *Robert E. Ruggeri* for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch *(Velta A. Melnbrencis* on the briefs), for the defendants.

*Barnes, Richardson & Colburn (James H. Lundquist, Robert E. Burke* and *Edmund Maciorowski* on the briefs) for intervenor NTN Bearing Corporation of America.

MALETZ, *Senior Judge:* Intervenor has filed a motion for a determination of the scope of a temporary restraining order (TRO) issued by the court on July 7, 1983 which enjoined the liquidation of all entries of specifically described tapered roller bearings and components from Japan since April 1, 1978. It appears that 129 refund checks covering entries which are the subject of the TRO, together with courtesy notices of liquidation, were mailed to intervenor on or before the date of issuance of the TRO. Even though liquidation of these entries had not in fact taken place, having been scheduled for July 8, 1983, the refund checks were nevertheless sent to intervenor in advance so that receipt of the refund monies would nearly conincide with the actual date of liquidation of the entries.

19 C.F.R. § 159.9(c) specifies that the date on which "Liquidated" is stamped on the entry papers represents the date of liquidation. This had not occurred either prior to or after issuance of the TRO. Contrary to intervenor's assertion, while receipt of courtesy notices of liquidation may give an impression of a fait accompli, such notices do not establish the fact or date of liquidation. *United States* v. *Reliable Chemical Co.,* 66 CCPA 123, C.A.D. 1232, 605 F. 2d 1179 (1978). Thus, the entries in question were not liquidated on the date the TRO was issued, notwithstanding intervenor's receipt of the refund checks and courtesy notice. Accordingly, it is hereby

ORDERED that intervenor return to the Customs Service all checks representing duty refunds on merchandise entered since April 1, 1978.*

---

*The Court has been informed that 14 refunds checks are for pre-April 1978 entries. Inasmuch as the TRO does not include that time period, but rather expressly covers only post-April 1978 entries, intervenor is not obligated under the terms of this order or the TRO to return those checks to Customs.

