**SEA–LAND SERVICE, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 92–01–00019.**

United States Court of
International Trade.

Jan. 28, 1993.

Ross & Hardies, Myles J. Ambrose, Evelyn M. Suarez and David F. Norton (Robert S. Zuckerman, Sea–Land Service, Inc., of counsel), for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice (Barbara M. Epstein, Mark G. Nackman, Intern. Trade Litigation, U.S. Customs Service, of counsel), for defendant.

OPINION

TSOUCALAS, Judge:

Defendant moves pursuant to Rule 12(b)(1) of the Rules of this Court to dismiss this action for lack of jurisdiction.[1]

---

**1.** Rule 12(b)(1) empowers a party to bring a motion for "lack of jurisdiction over the subject matter." USCIT R. 12(b)(1) (1988).

This action was initiated by plaintiff, Sea–Land Service, Inc. ("Sea–Land"), to recover duties assessed on repairs made overseas to its American documented vessel pursuant to 19 U.S.C. § 1466(a).[2] Subsequent to the assessment of duties, Sea–Land challenged the assessment by filing an application for relief with Customs' San Francisco Vessel Repair Liquidation Unit, seeking remission based on a claim that the work constituted non-dutiable modifications under 19 U.S.C. § 1466(a). Plaintiff's Exhibits B & C. On May 1, 1990, Customs determined that Sea–Land's application for relief was defective on procedural and substantive grounds. Therefore, on May 25, 1990, Customs liquidated the entry. *See* Bulletin Notice of Liquidation. On May 30, 1990, Customs notified Sea–Land by letter that its application for relief was denied and that it had ninety days from the date of liquidation to file a protest to this decision. On August 28, 1990, Sea–Land filed a protest to the liquidation. On July 15, 1991, Customs denied Sea–Land's protest as untimely filed. Plaintiff's Exhibit G.

The Government now brings this motion to dismiss claiming that the protest was not timely filed. Sea–Land opposes defendant's motion and cross-moves for summary judgment pursuant to Rule 56 of the Rules of this Court seeking an order holding that its protest was timely filed and directing Customs to reliquidate vessel repair entry No. C–32–0006746–1 with a refund of $262,556.50 plus interest. Sea–Land claims that in its liquidation Customs erroneously construed a charge for paint as being in U.S. dollars when in fact it was stated in Japanese yen. This charge is reflected in Item 39 of the Application for Relief. As a result, Sea–Land was assessed excess duties in the amount of $262,556.50.

## DISCUSSION

■ According to 19 U.S.C. § 1514(c)(2) (1988 & 1992 Supp.), a protest of a Customs decision "shall be filed ... within ninety days after but not before—(A) notice of liquidation or reliquidation, or (B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made."

In this case, Sea–Land claims that its protest was timely filed eighty-nine days after the ninety-day period began to run. Sea–Land claims that the ninety days began to run on May 30, 1990, the date they received a letter from Michael Weissman, Chief, Technical Branch, Commercial Operations Division, in which Customs notified Sea–Land that its application for relief had been denied. *Defendant's Motion to Dismiss and Memorandum in Support of its Motion ("Defendant's Motion")*, Exhibit B. The Government, however, claims that the ninety day statutory period began to run on May 25, 1990, the date of liquidation, and that Sea–Land's protest was untimely filed ninety-four days thereafter. Thus, the issue before this Court is from when did the ninety day period begin to run during which Sea–Land was to protest Customs' decision.

The statute clearly states that a protest of a Customs decision must be filed within ninety days after notice of liquidation. *See* 19 U.S.C. § 1514(c)(2). This Court has stated that "proper notice of liquidation refers to the bulletin notice of liquidation." *See Penrod Drilling Co. v. United States*, 13 CIT 1005, 1009, 727 F.Supp. 1463, 1467 (1989), *aff'd*, 925 F.2d 406 (1991); *see also, Goldhofer Fahrzeugwerk GmbH v. United States*, 13 CIT 54, 706 F.Supp. 892, *aff'd* 885 F.2d 858 (Fed.Cir.1989). Furthermore, "the date of liquidation shall be the date the bulletin notice is posted in the customhouse." *United States v. Reliable Chem. Co.*, 605 F.2d 1179, 1183 (1979); *Penrod Drilling*, 13 CIT at 1009, 727 F.Supp. at 1467; *Goldhofer*, 13 CIT at 58, 706 F.Supp. at 895. It is the importer who "has the

**2.** 19 U.S.C. § 1466(a) (1988) states:

(a) The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States ... shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country.

burden for examining all notices posted to determine whether its goods have been liquidated, and to protest timely." *Penrod Drilling*, 13 CIT at 1009, 727 F.Supp. at 1467; *Goldhofer*, 13 CIT at 58, 706 F.Supp. at 895; *Omni U.S.A., Inc. v. United States*, 11 CIT 480, 483, 663 F.Supp. 1130, 1133 (1987), *aff'd*, 840 F.2d 912 (Fed.Cir. 1988), *cert. denied*, 488 U.S. 817, 109 S.Ct. 56, 102 L.Ed.2d 34 (1988). The bulletin notice in this action clearly states that the date of liquidation was May 25, 1990.

Plaintiff, however, claims that in calculating the ninety day period it relied on a misleading letter sent to them on May 30, 1990. The ambiguous letter stated that the entry in question *will be liquidated*, when in fact it *was* liquidated five days earlier.[3] Based on this alone, it was very possible for Sea–Land to be unsure as to the date of liquidation and, thus, Sea–Land acted reasonably in relying on Customs letter of May 30, 1990. The letter indicated that the entry had not been liquidated as of yet and Sea–Land was reasonable in assuming that the ninety days to protest would at least not begin to run until May 30.

Plaintiff relies on the court's holding in *Farrell Lines, Inc. v. United States*, 657 F.2d 1214 (CCPA 1981), *modified*, 667 F.2d 1017 (1982), and claims that under the ruling of this case, the limitations period of ninety days should be tolled from May 25, 1990, the date of liquidation, until May 30, 1990, the date Sea–Land received the letter from Customs because it was the final agency action.

In *Farrell Lines*, plaintiff filed a supplemental petition, and it was held that the ninety-day period of limitations for filing a protest of liquidation was tolled from the date the shipbuilder filed the supplemental petition until notice was given of the petition's denial. Moreover, the plaintiff in *Farrell Lines* was expressly advised by Customs that it had ninety days after the denial of the supplemental petition to file a formal protest. *See Farrell Lines*, 657 F.2d at 1216. Relying on this advice, plain-

tiff in *Farrell Lines* did attempt to protest within ninety days of the denial. Defendant moved to dismiss the protest as untimely, but the court denied its motion. At no time was plaintiff advised that its protest, though filed more than ninety days after liquidation, was not a valid protest. *Id.* at 1216–17.

In the case at hand, plaintiff was likewise misled by defendant's letter which indicated to them that liquidation had not occurred as of May 30, 1990. Thus, although they did not check the bulletin notice of liquidation, they did act reasonably in figuring that the ninety days would at least not commence to run until May 30.

While the Supreme Court has stated in *Irwin v. Veterans Administration*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), that Federal Courts "have typically extended equitable relief only sparingly," the Court further stated that it has

> allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period [footnote omitted], or where the complainant *has been induced* or tricked by his adversary's misconduct into allowing the filing deadline to pass [footnote omitted].

*Id.* at 96, 111 S.Ct. at 457–58 (emphasis supplied).

In this case, Customs' erroneous letter induced Sea–Land to allow the filing deadline to pass. This Court in good conscience cannot allow plaintiff to be deprived of its rights due to the sloppiness of Customs. While this Court is confident that Customs' error was unintentional, it was nevertheless misleading to plaintiff. Accordingly, the statutory ninety-day period is tolled from May 25 until May 30, 1990 and defendant's motion to dismiss for lack of jurisdiction is denied.

*Premature Liquidation*

█ Sea–Land alternatively alleges in its brief that Customs prematurely liquidated

---

3. The letter stated that "[w]ithin 90 days after the date of liquidation," Sea–Land may file a protest. *Defendant's Motion*, Exhibit B. The letter further stated that "your application for

relief from duties is denied in full, and the above referenced vessel repair entry *will be liquidated* with a bill for the amount of $1,214,-120.50." *Id.* (emphasis supplied).

the entry at issue thereby causing additional confusion over the liquidation date. *Plaintiff's Opposition to Defendant's Motion to Dismiss and Plaintiff's Cross–Motion for Summary Judgment* at 5–6. Regulation 19 C.F.R. § 4.14(d)(vi) (1992)[4] directs that liquidation of an entry should be suspended until thirty days after Customs notifies a party that its "application for relief" from duties has been approved or denied. In this case, Sea–Land received notice that its application for relief was denied on May 30, 1990. The entry, however, was liquidated on May 25, 1990, and thus, Customs did not comply with section 4.14(d)(vi). Sea–Land argues that if the liquidation was suspended pursuant to section 4.14(d)(vi), then liquidation would have occurred no earlier than May 30 and, subsequently, Sea–Land's protest would have been timely filed.

Customs, however, claims that the liquidation was not suspended for thirty days because Sea–Land's letter was missing the necessary elements to constitute an application for relief. *See* 19 C.F.R. § 4.14(d)(1). Customs reasoned that the letter was too substantively and procedurally defective to be considered a complete and valid "application for relief" within the meaning of section 4.14(d)(1), and denied the application without extending liquidation until thirty days after notification.

According to the regulations, an application for relief "need not be in any particular form." 19 C.F.R. § 4.14(d)(1)(i). However, it should allege certain things including:

> that an item or a repair expense covered by the entry is not subject to duty.... The application for relief also shall certify that all foreign equipment, parts, or materials purchased for, and all foreign repairs made to, the vessel within one year immediately preceding the application have been declared as required by

this section, or the application shall be deemed incomplete.

*Id.*

Furthermore, each application for relief shall include duplicate copies of "[a]ll itemized bills, receipts, and invoices covering items specified" as well as other supporting and documentary evidence, unless such evidence is already filed with Customs. *See* 19 C.F.R. § 4.14(d)(iii) and (iv) (1992).

Customs claims that Sea–Land's application for relief lacked some of these key elements, and therefore Customs deemed Sea–Land's application for relief flawed and incomplete. Furthermore, Customs deemed the entry subject to immediate liquidation upon the expiration of the allotted time period (i.e., within sixty days from the date of first arrival of the vessel or before the expiration of any extension of time granted). *Defendant's Motion,* Exhibit A.

Sea–Land argues that it was deprived of its rights under section 4.14. It claims that section 4.14 was designed to allow the vessel operation to administratively appeal Customs' initial decision and to provide any further information shedding light on its entry prior to liquidation. *Plaintiff's Reply to Defendant's Opposition to Plaintiff's Cross–Motion for Summary Judgment* at 6.

Nevertheless, Customs argues that the vessel repair regulation 4.14 is directory and not mandatory within the purview of *Canadian Fur Trappers Corp. v. United States,* 12 CIT 612, 691 F.Supp. 364 (1988), *aff'd,* 884 F.2d 563 (1989). *Canadian Fur Trappers,* however, is inapposite to the case at hand. In *Canadian Fur Trappers,* plaintiffs claimed that, under 19 U.S.C. § 1504, when an extension is lifted after four years, then Customs has ninety days in which they "shall" liquidate, or the entries will be deemed liquidated. *Id.* The court ruled that this provision, however, is discretionary and not mandatory because "there will be instances when it may be

---

**4.** 19 C.F.R. § 4.14(d)(vi) states that "[i]f an application for relief has been filed within the time period provided in paragraph (d)(1)(ii) of this section, liquidation of the vessel repair entry shall be suspended until 30 days after the date of the written notice provided for in paragraph (d)(1)(v) of this section."

impossible to complete liquidation within 90 days because of the sheer number of entries to be liquidated after a long continued suspension." *Id.* 12 CIT at 616, 691 F.Supp. at 368 (quoting H.R.Rep. No. 95–621, 95th Cong., 1st Sess. 26 (1977)).

Thus, in *Canadian Fur Trappers,* the issue was that Customs might need longer than the ninety day period in which to liquidate. In the case at hand, Customs prematurely liquidated the entry in question when they were required to wait until the thirty days expired to liquidate. Thus, the reasoning of *Canadian Fur Trappers* does not follow here and Customs should have suspended liquidation for thirty days.

*Section 1520*

■ Although plaintiff's protest is considered timely by this Court under the circumstances, plaintiff's protest to Customs' liquidation could alternatively be considered a timely application under 19 U.S.C. § 1520 (1988 & Supp.1992). In this case, although plaintiff filed its protest pursuant to section 1514, the more appropriate remedy was to seek reliquidation of the entry due to a clerical error pursuant to section 1520(c)(1). Section 1514 sets forth "the proper procedure for an importer to protest the classification of its merchandise when it believes that Customs has misinterpreted the applicable law and has illegally classified the imported merchandise." *Computime, Inc. v. United States,* 9 CIT 553, 555, 622 F.Supp. 1083, 1084 (1985). By comparison, 19 U.S.C. § 1520(c)(1) "is designed to permit Customs to correct mistakes of fact or inadvertence which have caused an error in liquidation." *Id.* Section 1520(c) provides that:

(c) Notwithstanding a valid protest was not filed, the appropriate customs officer may ... reliquidate an entry to correct—

(1) *a clerical error,* mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadver-

tence is brought to the attention of the appropriate customs officer *within one year* after the date of liquidation or exaction.

19 U.S.C. § 1520(c)(1) (1988 & 1992 Supp.) (emphasis supplied).

In a similar case, *George Weintraub & Sons, Inc. v. United States,* 12 CIT 643, 691 F.Supp. 1449 (1988), the court denied the government's motion to dismiss and granted plaintiff's motion for summary judgment. In *George Weintraub,* plaintiff likewise sought reliquidation of the entry in question, and filed its protest ninety-one days after liquidation. Over a year later, Customs denied plaintiff's protest as untimely filed. At that time, the one-year statutory limit of section 1520(c)(1) had expired. The court, however, deemed that protest to be a request for reliquidation and therefore found that it was timely filed within one year of liquidation pursuant to section 1520(c)(1).

In that case, the court deemed the error as a "mistake of fact or other inadvertence" within the context of section 1520(c)(1). The court explicitly stated that, under section 1520(c)(1), "a mistake may be corrected if a request for reliquidation is made within one year from the date of liquidation even though a protest was not timely filed." *Id.* at 647, 691 F.Supp. at 1451. The court further stated that it was "disingenuous" for Customs to wait fifteen months to respond to plaintiff's request for reliquidation, and furthermore, to claim that plaintiff's protest was untimely, when Customs themselves took an inordinate amount of time to deny its protest, is "manifestly unfair to plaintiff." *Id.* The court stated:

While one could wish that plaintiff had been more artful in filing its request for reliquidation and its two subsequent protests, and one could further wish that some of these had been done in a more prompt fashion, defendant's conduct in taking fifteen months to deny the request for reliquidation ... itself created a situation ... in which it does not lie well in the defendant's mouth to say that plaintiff should be denied his request for

reliquidation, or his day in court, due to "untimeliness."

*Id.* at 648, 691 F.Supp. at 1453.

Likewise in this case, plaintiff is protesting a clerical error in the liquidation which is specifically covered by section 1520(c)(1). Thus, even if Sea–Land's protest was deemed to be filed after ninety days, which it is not, their protest was filed within the one-year deadline specified by section 1520(c)(1). Section 1520(c)(1) states that the request for reliquidation must be brought to the attention of the appropriate customs official within one year. In this case, Sea–Land's protest of August 28, 1990 serves as adequate notice to the appropriate customs official. Also, since Customs waited nearly a year after Sea–Land's protest and fourteen months after liquidation to deny plaintiff's protest as untimely, it is in no position to complain about untimeliness because by the time it denied plaintiff's protest, it was too late for plaintiff to bring an independent action under section 1520(c)(1).

*Plaintiff's Cross–Motion for Summary Judgment*

■ Thus, having denied defendant's motion to dismiss, this Court is now empowered to entertain Sea–Land's cross-motion for summary judgment. Sea–Land cross-moves for summary judgment pursuant to Rule 56 of the Rules of this Court seeking an order holding that its protest was timely filed and directing Customs to reliquidate vessel repair entry No. C–32–0006746–1 with a refund of $262,556.50 plus interest. Sea–Land claims that in its liquidation Customs erroneously construed a charge for paint as being in U.S. dollars when in fact it was stated in Japanese yen. This charge is reflected in Item 39 of the Application for Relief. As a result, Sea–Land was assessed excess duties in the amount of $262,556.50.

Customs concurs with Sea–Land and concedes this error. *See Defendant's Response to Plaintiff's Statement of Material Facts as to Which There is no Genuine Issue to Be Tried*, Para. 15. To withhold this undisputed amount of money from Sea–Land under these circumstances would be a miscarriage of justice. Incumbent in the responsibilities of Customs is an obligation of good faith. In this case, it is apparent that Customs did not honor this obligation and therefore Sea–Land's cross-motion for summary judgment is granted and Customs is ordered to reliquidate vessel repair entry No. C–32–0006746–1 with a refund of $262,556.50 plus interest.

## CONCLUSION

In accordance with the foregoing opinion, defendant's motion to dismiss is denied since (1) plaintiff acted reasonably in relying on defendant's erroneous letter of May 30, 1990, stating that the entry will be liquidated when in fact it was liquidated five days earlier; (2) defendant failed to suspend liquidation pursuant to its own regulations until thirty days after its denial of plaintiff's application for relief; and (3) plaintiff brought its request for reliquidation to the attention of the appropriate customs officer well within the one year time limit as set forth by 19 U.S.C. § 1520(c)(1). Furthermore, plaintiff's cross-motion for summary judgment is granted as both plaintiff and defendant concur that a clerical error was made in construing a charge for paint as being in U.S. dollars when in fact it was stated in Japanese yen. Therefore, Customs is ordered to reliquidate vessel repair entry No. C–32–0006746–1 with a refund to Sea–Land of $262,556.50 plus interest.

## JUDGMENT

This case having been duly submitted for decision following defendant's motion to dismiss this action for lack of jurisdiction, and plaintiff's cross-motion for summary judgment, and the Court, after due deliberation, having rendered a decision herein; now then, in accordance with said decision,

IT IS HEREBY ORDERED that defendant's motion to dismiss is denied; and it is further

ORDERED that plaintiff's cross-motion for summary judgment is granted and Customs is ordered to reliquidate vessel repair

entry No. C–32–0006746–1 with a refund of $262,556.50 plus interest to Sea–Land.