**TEXACO MARINE SERVICES, INC. and Texaco Refining and Marketing, Inc., Plaintiffs,**

**v.**

**UNITED STATES, Defendant.**

**Court No. 89–12–00652.**

United States Court of International Trade.

March 10, 1993.

Givens and Kelly, Sharon Steele Doyle, Houston, TX, for plaintiffs.

Ernest J. Corrado, President and Counsel for the American Institute of Merchant Ship-

ping, Washington, DC, amicus curiae in support of plaintiffs' motion.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Bruce N. Stratvert, of counsel: Stephen Berke, Office of Asst. Chief Counsel, Intern. Trade Litigation, U.S. Customs Service, Washington, DC, for defendant.

Collier, Shannon, Rill & Scott, Lauren R. Howard, Washington, DC, Shipbuilders Council of America, Inc., amicus curiae in support of defendant's cross motion.

## OPINION

TSOUCALAS, Judge:

This case involves the S.S. Texaco Georgia, an American-flag 16,514 ton lube oil carrier, which underwent certain repairs and alterations at the Hellenic Shipyards Co. in Athens, Greece, between June 16, 1987 and July 18, 1987.

Upon the ship's return to the United States, the work performed on the ship was declared and entered by plaintiffs, Texaco Marine Services, Inc. and Texaco Refining and Marketing, Inc. ("Texaco"), pursuant to requirements of the vessel repair statute, 19 U.S.C. § 1466 (1988). On February 15, 1989, plaintiffs paid $294,846.38, the liquidated amount of duty and interest on vessel repair entry No. C21–0000060–6, which included duty on the contested costs.

Texaco now moves, pursuant to Rule 56 of the Rules of this Court, for summary judgment, challenging the duties imposed on (1) costs of cleaning performed after dutiable repair work was completed, and (2) costs of temporary coverings used to protect cargo lines while dutiable repairs were occurring. Plaintiffs maintain that duties should not have been imposed on the above subject costs because they do not fall within the meaning of "repairs" or "expense of repairs" pursuant to 19 U.S.C. § 1466(a).

Defendant cross-moves for summary judgment claiming that the cleaning and the coverings used fall within the meaning of "repairs" because both were integral parts of the repairs.

## DISCUSSION

According to 19 U.S.C. § 1466(a):

The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade, or a vessel intended to be employed in such trade, shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country.

See 19 U.S.C. § 1466(a); see also Sea–Land Service, Inc. v. United States, 17 CIT ——, ——, 812 F.Supp. 222, 223 (1993).

The courts have broadly construed section 1466 as an inducement to employ United States labor through the imposition of an ad valorem duty. See Sea–Land Service, Inc. v. United States, 12 CIT 287, 293, 683 F.Supp. 1404, 1409 (1988). In Mount Washington Tanker Co. v. United States, 1 CIT 32, 505 F.Supp. 209 (1980), aff'd, 665 F.2d 340 (1981), the court stated that "section 1466 expresses the legislative policy designed to provide maximum protection to American shipyards." Id. at 38, 505 F.Supp. at 214. It has been further stated that Congress' intention was to encourage ship owners to employ U.S. labor whenever possible. See id.; see also, Erie Navigation Co. v. United States, 83 Cust.Ct. 47, 475 F.Supp. 160 (1979).

The issue in this case is whether various costs [1] fall within the meaning of "repairs" as contained in 19 U.S.C. § 1466(a) and are therefore subject to duties.

---

1. The contested costs are as follows:

| | | |
|---|---|---|
| 1. | Cleaning of the area after boiler repairs completed: | $ 870 |
| 2. | Tanks and exposed deck and deck machinery cleaned: | $28,739 |
| 3. | Removing all debris and sediment: | $ 5,300 |
| 4. | Protecting heating coils by wrapping in blankets: | $20,919 |

### 1. *Cleaning*

■ Texaco maintains that the cleaning at issue is not within the scope of repairs because the cleaning was done either in preparation of repair work or after the repair work was completed. Defendant, on the other hand, claims that the cleaning work does fall within the meaning of "repairs" because it was an integral part of the dutiable repairs.

The statute, 19 U.S.C. § 1466(a), fails to define "repair" or "expenses of repairs," and fails to state whether cleaning is included within the meaning of repairs.

Cleaning done prior to repairs has been held to be dutiable. *See* 15 Cust.B. & Dec. 1103, C.S.D. 81–188 (1981). Plaintiffs illogically claim that since cleaning performed prior to repairs is dutiable, then cleaning performed subsequent to repairs must not be dutiable. Plaintiffs' argument is unfounded as the court and Customs have remained silent on whether post-repair cleaning is dutiable, and thus, by insinuating otherwise, plaintiffs are making a tremendous assumption.

Plaintiffs also rely on various decisions which concluded that cleaning in preparation of future cargo is not dutiable. *See States Steamship Co. v. United States*, T.D. 49,531, 73 Treas.Dec. 718 (1938); *Waterman Steamship Corp. v. United States*, 26 Cust.Ct. 114, C.D. 1310 (1951); *Northern Steamship Co., Inc. v. United States*, 54 Cust.Ct. 92 (1965). Plaintiffs infer that the cleaning performed on the Texaco Georgia is also not dutiable claiming that it was done in order to carry future cargo. Plaintiffs' reliance on this theory, however, is misplaced because had it not been for the repairs on the Texaco Georgia, the cleaning would not have been necessary. The cases relied upon by plaintiffs did not involve repairs at all, but solely included cleaning in preparation for future cargo. *See id.*

■ As a general rule, if the cleaning procedures "are incident to or accompany repairs, they will be held dutiable; if conducted without regard to repairs, they are not dutiable." *See* Treasury Ruling Letter 101423 BJF at 3 (Oct. 20, 1976), attached to *Amicus Curiae's Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Defendant's Cross–Motion for Summary Judgment filed by Shipbuilders Council of America, Inc.* ("Amicus Curiae Memorandum") at Exhibit 4. Furthermore, if the cleaning operations were an "integral" or a "necessary" part of the dutiable repairs, then the cleaning is also dutiable. *See Sea–Land,* 12 CIT at 294, 683 F.Supp. at 1409; *see also* Treasury Ruling Letter HQ 111730 at 3–4 (Sept. 19, 1991), attached to *Amicus Curiae Memorandum* at Exhibit 5; Treasury Ruling Letter 108112 EA at 3 (Aug. 21, 1986), attached to *Amicus Curiae Memorandum* at Exhibit 3; Treasury Ruling Letter 101423 BJF at 3 (Oct. 20, 1976), attached to *Amicus Curiae Memorandum* at Exhibit 4.

The cleaning in this case was indeed an integral part of the repair process since the cleaning would not have been necessary but for the repairs. Therefore, the cleaning costs are properly dutiable under the statute and this Court denies plaintiffs' motion and grants defendant's cross-motion for summary judgment as to this issue.

### 2. *Protective Coverings*

■ During the repair process, protective coverings were placed on the Texaco Georgia's heating coils. Texaco claims that these actions were "protective/preventative measures which were not part of the actual repairs and were not necessary to accomplish the repairs." *Plaintiffs' Motion for Summary Judgment* at 8. Furthermore, Texaco claims that these items did not contribute to the restoration of the vessel and, therefore, should not be considered as dutiable repairs.

The protective coverings, however, are an integral part of the repair process and would not have been necessary but for the repairs. *See* Treasury Ruling Letter 108404 GV at 5 (Aug. 7, 1986), attached to *Amicus Curiae Memorandum* at Exhibit 10. Therefore, by the same reasoning that the cost of the cleaning is dutiable, the cost for the protective coverings are dutiable as they are an integral part of the repair process. Furthermore, plaintiffs offer no evidence to indicate that the protective coverings were not a necessary part of the repairs. Therefore, the

 

determination by Customs as to the protective coverings is affirmed.

## CONCLUSION

In accordance with the foregoing opinion, the cleaning and the protective coverings were integral parts of the repair process, and the costs of these items were properly dutiable. Thus, this Court denies plaintiffs' motion for summary judgment and grants defendant's cross-motion for summary judgment.