## SEA–LAND SERVICE, INC., Plaintiff–Appellee,

v.

## The UNITED STATES, Defendant–Appellant.

### Court No. 92–01–00019.

United States Court of International Trade.

June 28, 1993.

Myles J. Ambrose and Evelyn M. Suarez, Ross & Hardies, Washington, DC, for plaintiff-appellee.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Joseph I. Liebman, Attorney in Charge, International Trade Field Office, and Barbara M. Epstein, Civ. Div., Dept. of Justice, Commercial Litigation Branch, New York City, for defendant.

## ORDER

TSOUCALAS, Judge.

This case, having been remanded by the United States Court of Appeals for the Federal Circuit, CAFC Docket No. 93–1290, and plaintiff and defendant having stipulated to a settlement in this case, and said stipulation having been approved by the Court, it is hereby

**ORDERED** that Slip. Op. 93–13, 812 F.Supp. 222 (January 28, 1993) is vacated and set aside; and it is further

**ORDERED** judgment be entered in accordance with the stipulation entered into by the parties.

## STIPULATED JUDGMENT ON AGREED STATEMENT OF FACTS

WHEREAS, the parties hereto desire to settle the captioned litigation without the need to further litigate the underlying issues; and,

WHEREAS, the parties have reached an agreement regarding the manner in which this case is to be settled; it is therefore agreed as follows:

1. The United States Customs Service will, without the need to reliquidate the entries, pay to Sea–Land Service, Inc, the sum of $262,556.50, plus interest on this amount, provided for by law. The summons in this case was filed on January 10, 1992.

2. All other claims in this action are overruled.

3. Each party will bear its own attorney fees, expenses and costs.

4. The opinion and judgment of the Court of International Trade in Slip Opinion 93–13, 812 F.Supp. 222, dated January 28, 1993 will be vacated and set aside.

5. Accordingly, the parties stipulate to entry of judgment in accordance with this compromise settlement.

**IT IS HEREBY ORDERED** that this action is decided and this final judgment is to be entered by the Clerk of this Court; the Customs Service shall make refund to plaintiff in accordance with the stipulation of the parties set forth above; and it is further

394

ORDERED that the opinion and judgment of the Court of International Trade in Slip Opinion 93–13, dated January 28, 1993, are now moot, and are hereby withdrawn and vacated and set aside.