Slip Op 07 - 41

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

|  |  |  |
| --- | --- | --- |
| | : | |
| AVECIA, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Before: **MUSGRAVE, Judge** |
| | : | Consol. Court No. 05-00183 and |
| UNITED STATES OF AMERICA, | : | Court No. 06-00140 |
| | : | |
| Defendant. | : | |
| | : | |

## OPINION

[Defendant's motion for "rehearing, modification, clarification, and/or reconsideration" granted as to severance of three entries, otherwise denied.]

Decided: March 19, 2007

*Buchanan Ingersoll PC* (*Steven E. Bizar*, *Jill W. Rogers*); *Crowell & Moring LLP* (*Alexander Schaefer*), for the plaintiff.

*Peter D. Keisler*, Assistant Attorney General*, Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Saul Davis*); Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection (*Beth C. Brotman*), of counsel, for the defendant.

As discussed in Slip Opinion 06-184, a certain protest sent to the director for the Port of Philadelphia challenged three entry classifications for products imported through the ports of Newark and Baltimore, in addition to the classification of several other entries through that port. *See Avecia, Inc. v. United States*, 30 CIT ___, Slip Op. 06-184 at 23-25 (Dec. 19, 2006).[1] After the protest's

---

[1] Available at http://www.cit.uscourts.gov/slip_op/Slip_op06/06-184.pdf (last visited the date of this decision).

denial, Avecia included it in this suit.  28 U.S.C. § 1581(a) provides that this Court has "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."  The referenced section is codified at 19 U.S.C. § 1514. Subsection (c)(1) requires that "[a] protest of a decision under subsection (a) of this section shall be filed . . . in accordance with regulations prescribed by the Secretary."  19 U.S.C. § 1514(c)(1).  One of those regulations, 19 C.F.R. § 174.12(d), provides that "[p]rotests shall be filed with the port director whose decision is protested."  The government thus challenged the Court's subject matter jurisdiction over the three entries.  After examining the law of this area, the court concluded that no statute or regulation precluded the director for the Port of Philadelphia from rendering a substantive decision with respect to entries from another port, that the director denied the protest "in full" per the rationale of HQ 967005 (May 18, 2004), and since the decision of Customs had apparently been to relax the place-of-filing regulation with respect to those three entries, the court concluded that it possessed jurisdiction over the subject matter.  Slip Op. 06-184 at 25.

The government now moves for "rehearing, modification, clarification, and/or reconsideration" of that finding.  Disposition of such a motion is within the Court's discretion. *See* USCIT Rule 59(a).  *See, e.g.*, *Kerr-McGee Chem. Corp. v. United States*, 14 CIT 582, 583 (1990); *Union Camp Corp. v. United States*, 21 CIT 371, 372, 963 F. Supp. 1212, 1213 (1997).  The purpose of reconsideration is to rectify "a significant flaw in the conduct of the original proceeding." *W.J. Byrnes & Co. v. United States*, 68 Cust. Ct. 358, 358 (1972) (footnote omitted).  However, a court should not disturb its prior decision unless it is "manifestly erroneous." *See, e.g.*, *Starkey Labs, Inc. v. United States*, 24 CIT 504, 505, 110 F. Supp. 2d 945, 946-47 (2000); *Volkswagen of Am., Inc.*

*v. United States*, 22 CIT 280, 282, 4 F. Supp. 2d 1259, 1261 (1998). To the extent the government's motion raises a colorable "significant flaw" or "manifest error" in Slip Opinion 06-184, the matter merits further discussion. *See Starkey Labs*.

Substantively, the government interprets Slip Opinion 06-184 as apparently agreeing "that the combination of the statute and the pertinent regulations mandated, as a jurisdictional prerequisite, the filing of the protest at the port at which the decision was made," Def.'s Reply at 3, and it argues that in addition to the requirements governing form and content under 19 U.S.C. § 1514(c), the place of filing a protest is clearly apparent from 19 U.S.C. § 1515(a), which requires a protest's review within two years by "the appropriate customs officer." The government argues that this "can only be the officer designated for such review pursuant to § 1514(c) and the regulations" and that therefore compliance with 19 C.F.R. § 174.12(d) is a mandatory condition of jurisdiction which the director for the Port of Philadelphia had no authority to waive. Def.'s Mot. at 5-9 (referencing *Grover Piston Ring Co. v. United States*, 752 F.2d 626 (Fed. Cir. 1985), *Noury Chem. Corp. v. United States*, 4 CIT 68 (1982), *Po Chien, Inc. v. United States*, 3 CIT 17 (1982), and *United States v. Reliable Chem. Co.*, 66 CCPA 123, 605 F.2d 1179 (1979)); Def.'s Reply at 7-8 (referencing *inter alia DaimlerChrysler Corp. v. United States*, 442 F.3d, 1313, 1319 (Fed. Cir. 2006), *Autoalliance Int'l, Inc. v. United States*, 357 F.3d 1290, 1293-94 (Fed. Cir. 2004), and *Ford Motor Co. v. United States*, 425 F. Supp. 2d 1324, 1332, n.12 (2006), *reh'g den*. 30 CIT __, Slip Op. 06-145 (Sep. 29, 2006)).

Avecia apparently disputes whether Slip Opinion 06-184 even addressed whether compliance with 19 C.F.R. § 174.12(d) amounts to an unwaivable condition of subject matter jurisdiction. *See*

Pl.'s Resp. at 2 & n.1 (referencing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, ___, 126 S.Ct. 1235, 1237 (2006) ("when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character")). *See also* Def.'s Br. *passim*; Def.'s Reply *passim* (distinguishing *Arbaugh* on the authority of *Federal Nat'l Mortg. Ass'n v. United States*, 469 F.3d 968 (2006)). Avecia is correct, but whether it arguably did, the conclusion must again be that compliance with the regulation is not such as may not be waived by Customs.

The government elaborates in its motion that the proper interpretation of "the appropriate customs officer" in 19 U.S.C. § 1515(a) mandates that protests only be decided by the port director who made the original decisions affecting the entry or entries, and yet subsection 1515(a) simply mandates that review of a protest be completed within two years from the date of filing by "the appropriate customs officer." It is a deadline for Customs. It also provides for *further* review by "*another* appropriate customs officer." *Cf.* 19 U.S.C. § 1515(a) (italics added). To the extent the provision imposes a filing condition directed to the protestant, the phrase "the appropriate customs officer" is vague. As implied by Slip Opinion 06-184, one cannot definitely conclude that the port director of Philadelphia was an "inappropriate" customs officer to act with respect to entries incorrectly included on an otherwise properly-filed protest at that port. Even if "appropriate customs officer" may be clarified by reference to the place-of-filing regulation, 19 C.F.R. § 174.12(d), section 1515 does not control the Court's jurisdiction, which is delimited in 28 U.S.C. § 1581(a) by reference to the parameters of 19 U.S.C. § 1514. *See, e.g.*, *Volkswagen of Am., Inc. v. United States*, 31 CIT __, Slip Op. 07-26 at 6 (Feb. 21, 2007) ("Section 1514 is not a jurisdiction-granting statute; it defines the types of actions that are potentially reviewable under § 1581(a)" (citation omitted)).

There, in contrast to the statutory particulars for the content of a protest, Congress did not specify in section 1514 that a protest had to be in a particular form, or that it had to be filed in a particular place. *See* Slip Op. 06-184 at 25. *Cf.* 28 U.S.C. § 1581(a) & 19 U.S.C. § 1514(c)(1) *with* 19 U.S.C. § 1515(a). Rather, Congress merely required that protests need to be "filed in writing . . . in accordance with regulations prescribed by the Secretary." 19 U.S.C. § 1514(c)(1). Since the place of filing is not a plain and specific statutory condition of invoking the jurisdiction of this Court, compliance with 19 C.F.R. § 174.12(d) is not a condition of subject matter jurisdiction but rather is an element of a putative plaintiff's claim. *See*, *e.g.*, *Arbaugh*. It is also noteworthy that in section 1514 Congress specifically deleted all references to "the appropriate customs officer" or substituted "the Customs Service" therefor when enacting the North American Free Trade Agreement Implementation Act, *see* Pub. L. 103-182 § 645(1)(A), (E), (2) (Dec. 8, 1993).

Fundamentally, the government's argument, that subject matter jurisdiction at this Court is lacking because no port director other than the port director who rendered the decision on the original classification has the authority to render a decision on a protest, depends for its validity upon the government's interpretation of the place-of-filing regulation, which is to say that the argument grafts a meaning onto that regulation that the regulation does not currently possess. *Cf.* 19 C.F.R. § 174.12(d) ("[p]rotests shall be filed with the port director whose decision is protested"). Even if the regulation possessed such meaning, the condition that a protest be filed at a particular place is beyond the metes and bounds of the subject matter jurisdiction established for this Court by statute by Congress. *See* 28 U.S.C. § 1581(a) & 19 U.S.C. 1514. The government argues that "the requirements of the regulations promulgated pursuant to the delegation authority in § 1514(c) are

jurisdictional[,]" Def.'s Reply at 4 (referencing *Grover Piston Ring*, *Noury Chemical*, and *Po Chien*), but that is not a proper interpretation of residual delegation. Congress may delegate certain legislative policy determinations to the executive branch, *see*, *e.g.*, *Marshall Field & Co. v. Clark*, 143 U.S. 649, 693-94 (1892), *Star-Kist Foods, Inc. v. United States*, 47 CCPA 52, 60, 275 F.2d 472, 480 (1959), but only Congress may delimit federal court subject matter jurisdiction. *See* U.S. Const., Art. III, § 1. *See*, *e.g.*, *Kontrick v. Ryan*, 540 U.S. 443, 453 (2004); *Cary v. Curtis*, 44 U.S. 236, 244 (1845). *Cf.* 19 U.S.C. § 1514(c)(1)(D) (a protest must be "filed . . . in accordance with regulations prescribed by the Secretary"). And for this court to construe 19 C.F.R. § 174.12(d) with the meaning the government here advocates would effectively amount to legislating the Court's own subject matter jurisdiction. Plainly, it is inappropriate for the court, or Customs, to do so. Moreover, to construe the regulation in the manner advocated by the government would theoretically preclude subject matter jurisdiction over *any* protest not *perfectly* "filed . . . in accordance with regulations prescribed by the Secretary," even if only slightly flawed, and thus would contradict the inherent authority of agencies to interpret their own regulatory requirements as appropriate and necessary. *See*, *e.g.*, *PAM S.p.A. v. United States*, 463 F.3d 1345, 1349 (Fed. Cir. 2006) (agency has discretion to relax compliance with notice regulation where no substantial prejudice results); *National Customs Brokers and Forwarders Ass'n of Am., Inc. v. United States*, 18 CIT 754, 762, 861 F. Supp. 121, 130 (1994) (defendant argued in favor of "Customs' longstanding practice" to allow certain duty-free shipments entry "under relaxed entry procedures without the requirement of a broker"); *Lee Yuen Fund Trading Co., Inc. v. Dep't of Treasury*, 18 CIT 139, 141 (1994) (Customs recognizing that non-complying submission was timely and informing plaintiff to file preferred Protest Form 19); *Sachs*

*Auto. Prods. Co. v. United States*, 17 CIT 290, 294 n.3 (1993) (compliance with regulation waived by agency); *accord, American Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 539 (1970). And it should go without saying that the Court's subject matter jurisdiction must encompass hearing whether there has been compliance with a relevant rule or regulation, if jurisdiction is otherwise satisfied. *See*, *e.g.*, *Kyocera Indus. Ceramics Corp. v. United States*, 30 CIT __, Slip Op. 06-187 (Dec. 21, 2006); *Carolina Tobacco Co. v. U.S. Customs Serv.*, 28 CIT __, Slip Op. 04-20 (Mar. 4, 2004); *see also Indianapolis Mach. & Exp. Co., Inc. v. United States*, 42 Cust. Ct. 137 (1959).

Since the function of the Court is to find the narrowest resolution, Slip Opinion 06-184 sought to avoid a specific finding on whether the place of filing a protest amounts to a "jurisdictional" prerequisite, because whether it is, or is not, it is solely a regulatory requirement, and as such may be waived. The government attempts to force the issue again, but the primary support for its motion is *United States v. Reliable Chemical Co.*, 66 CCPA 123, 605 F.2d 1179 (1979), a case that considered Customs's attempted waiver of an explicit statutory jurisdictional requirement. *See* Def.'s Br. at 9; Def.'s Reply at 11. The circumstances of this matter are not analogous to that situation but are rather akin to those of *Angelus Milling Co. v. Commissioner of Internal Revenue*, 325 U.S. 293 (1946), which involved the Commissioner's waiver of compliance with regulatory filing requirements promulgated by its agency pursuant to the same type of authority granted by Congress that this action presently confronts *vis à vis* 19 U.S.C. § 1514(c)(1) and subsection (c)(1)(D) ("any other matter required by the Secretary by regulation"). *Cf.* 325 U.S. at 295 n.1 ("Section 903 of Title VII of the 1936 Revenue Act, 49 Stat. 1648, 1747 . . . requires that no refund be made or allowed 'unless . . . a claim for refund has been filed . . . in accordance with regulations

prescribed by the Commissioner with the approval of the Secretary'") *with* 19 U.S.C. § 1514(c)(1).

The Supreme Court's observation in that case appears equally apt to the circumstances at bar:

> Congress has given the Treasury this rule-making power for self-protection and not for self-imprisonment. If the Commissioner chooses not to stand on his own formal or detailed requirements, it would be making an empty abstraction, and not a practical safeguard, of a regulation to allow the Commissioner to invoke technical objections after he has investigated the merits of a claim and taken action upon it. Even tax administration does not as a matter of principle preclude considerations of fairness.

325 U.S. at 397.

To summarize, neither 19 U.S.C. § 1514(c)(1), § 1515(a), nor 19 C.F.R. § 174.12(d) precludes a port director from ruling on entries from a different port. *Cf. also* 19 C.F.R. 174.13(b) (regarding "multiple entries": "[*a*] *single protest may be filed* with respect to more than one entry *at any port* if all such entries involve the same category of merchandise and a decision or decisions common to all entries [is/]are the subject of the protest") (italics added). The court has considered the government's other propositions, from *DaimlerChrysler*, *Autoalliance*, *Ford*, *etc.*, and finds them unavailing in the circumstances of this matter. The court therefore remains unpersuaded that there is manifest error in its prior conclusion that it possesses jurisdiction over the disputed subject matter. *See* Slip Op. 06-184 at 25 (quoting *American Farm Lines*, 397 U.S. at 539). As an aside, although all three entries were encompassed by the protest originally summonsed to this action, two of the entries have since been encompassed by Court No. 06-00140. The Judgment on 06-184 could only encompass the remaining entry, of course, but the government represents that it would prefer to separate the jurisdictional issue from the other entries covered by this action, and the parties have conferred and agree that a preferable procedural posture is to sever those entries and make them the

*res* of a new, separate civil action which shall then abide the Judgment of this action.  The court

concludes that the motions to sever and amend must be granted and will enter orders to that effect

after any necessary consultations with the parties.


                                              /s/  R. Kenton Musgrave
                                           R.  KENTON MUSGRAVE, JUDGE


Dated: March 19, 2007
        New York, New York