**J. Leland ANDERSON, Appellant,**

v.

**Roger I. KNOX, Appellee.**

**No. 16196.**

United States Court of Appeals
Ninth Circuit.

Jan. 2, 1962.

On Petition for Rehearing
Feb. 28, 1962.

Ivan E. Lawrence, Reseda, Cal., for appellant.

Before CHAMBERS, Chief Judge, and POPE and HAMLIN, Circuit Judges.

PER CURIAM.

Appellant asks for a total of 150 days in which to file a petition for rehearing.

Counsel's affidavit in support of the application states: "Due to length of the record (approximately 4500 pages) and especially its complexity involving charts and schedules of accounting and insurance data, approximately 186 exhibits, the expanded size of the briefs (approximately 400 pages), and the length of this Court's decision of December 4, 1961 (48 pages), affiant urgently requires a maximum extention of time to prepare and file a petition for rehearing, en banc."

It is obvious from the statements in the affidavit that appellant plans, under the guise of a petition for rehearing, to study and reargue his case anew. Such is not the proper function of a petition for a rehearing, and an attempt to do as suggested is an abuse of the privilege of making such a petition. Furthermore, such efforts are ill-advised and self-defeating.

A properly drawn petition for rehearing serves a very limited purpose. That purpose is well outlined in the rule on the subject adopted by the Eighth Circuit, to which we should call counsel's attention. There the limited purpose of such a petition is properly stated as follows: "For the sole purpose of directing the attention of the court to some controlling matter of law or fact which a party claims was overlooked in deciding a case, a petition for rehearing may be served and filed not later than twenty days after the filing of an opinion." U.S.Ct.App. 8th Cir. Rule 15, 28 U.S.C.A. The rule further states: "The petition shall be confined to a concise statement (without argument) of the matter which the petitioner asserts the court overlooked, together with references to such pages of the opinion and of the record on appeal and to such authorities as will enable the court to determine whether the matter referred to was overlooked and, if so, whether it is of sufficient consequence to require a rehearing of the case or of some particular issue or a modification of the opinion * * *."

In an effort to protect this court against the commonly attempted effort to

argue anew cases which it has once decided this court has added to its Rule 23, 28 U.S.C.A. relating to rehearings the following provision: "A petition for rehearing may be presented within 30 days after judgment. It must be printed, and briefly and distinctly state its grounds, without argument, in not to exceed 5 pages, and without a supporting memorandum * * *." It is thus apparent that this appellant is asking for 30 days per page of his allowable petition.

■ The record in this case has been filed here since July, 1959. During that time appellant's counsel has had plenty of opportunity to become familiar with the 4500 pages and the 186 exhibits which he mentions. On November 3, 1959 he filed a brief 114 pages in length with appendix containing 27 pages; he filed on July 18, 1960 a reply brief of substantially the same length. It would appear that if appellant is not now fully familiar with the record and the issues in this case there is not much chance that he will ever become so. The application for the requested period of time we regard as wholly unreasonable.

IT IS ORDERED that appellant be and he is granted 45 days from and after the 3d day of January, 1962 within which to file a petition for rehearing herein.

On Petition for Rehearing

PER CURIAM.

On the last day of the extension of time granted for filing of a petition for rehearing herein, the appellant filed an application for leave to file a petition for rehearing consisting of 36 typewritten pages together with an appendix of approximately the same length. With the motion appellant lodged with the Clerk his proposed enlarged petition.

Upon consideration of the application for leave to file the petition, and upon examination of the petition itself,

It is ordered that leave to file the petition as requested be, and the same is hereby granted.

It is further ordered that the said petition for rehearing be, and the same is hereby denied.

■ The petition has appended under the heading of "Appendix B" what is asserted to be a copy of an instrument executed May 27, 1958 by Knox acknowledging receipt by Knox from one William Van de Carr of a sum which petitioner asserts was the $3788 of overborrowing referred to in footnote 46 of the court's opinion. Whether such a sum was paid is not a part of the record of this court as the judgment of the trial court, entered April 18, 1958, preceded the date of the claimed payment. See the trial court's opinion, D.C., 159 F.Supp. 795, at p. 806. If after judgment some payment was made which should be credited on the judgment, that is a matter to be determined by the trial court after the return of the mandate. Such a question is not to be litigated in this court now and should not delay the effective date of our mandate.