**SAMSUNG ELECTRONICS AMERICA, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Slip Op. 95–174.**
**Court No. 91–04–00288.**

United States Court of International Trade.

Oct. 26, 1995.

■■■■■■

Irving A. Mandel, Aventura, FL; Jeffrey H. Pfeffer, Plainview, NY; and Thomas J. Kovarcik, New York City, of counsel, for plaintiff.

Frank W. Hunger, Assistant Attorney General; Joseph I. Liebman, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, United States Department of Justice (Carla Garcia–Benitez); Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs Service (Mark G. Nackman), of counsel, for defendant.

### MEMORANDUM and ORDER

GOLDBERG, Judge:

This matter is before the Court on the parties' cross-motions for summary judgment. Plaintiff, Samsung Electronics America, Inc. ("Samsung America"), asserts that the United States Customs Service ("Customs") incorrectly appraised the value of certain imported electronic articles. According to Samsung America, Customs' appraisal failed to account for the presence of latent defects, and the costs incurred to repair the defects. Defendant claims that Customs correctly appraised the subject imports. The Court exercises its jurisdiction pursuant to 28 U.S.C. § 1581(a) (1988), and grants defendant's motion for summary judgment.

### BACKGROUND

Samsung Electronics Co., Ltd. ("Samsung Korea") sold certain televisions, stereos, video cassette recorders, microwave ovens, and other electronic articles to Samsung America. (Pl.'s Statement Pursuant to Rule 56(i) ("Pl.'s Undisputed Facts") at 1; Def.'s Resp. to Pl.'s Statement of Material Facts as to Which There Are No Issues to Be Tried ("Def.'s Resp.") at 1.) In conjunction with these sales, Samsung Korea and Samsung America entered into Servicing Agent Agreements ("Agreements"). (Pl.'s Mot. for Summ.J., Ex. 1.) In the Agreements, Samsung America recognized that the exported electronic articles would occasionally need repair, and

Samsung Korea agreed to pay for any inspection, repair, refurbishing, or other customer requested services that Samsung America performed on the articles. *Id.* However, Samsung Korea limited the amount that it would pay per month to a maximum of five percent of the total amount of Samsung products imported into America during the relevant year. *Id.*

From 1987 to 1990, Samsung America imported the electronic articles that it purchased from Samsung Korea into the United States. (Pl.'s Undisputed Facts at 1; Def.'s Resp. at 1.) Customs assessed duties based upon the transaction value of the imports. Pursuant to 19 U.S.C. § 1401a (1988), Customs determined the transaction value of the imports using the price actually paid when Samsung America purchased the merchandise for exportation to the United States. (Compl. at 3; Answer at 2); *see also* part C, *supra* (discussing transaction value).

Samsung America claims that approximately 4.7 percent of the electronic articles contained latent manufacturing defects that were detected some time after importation. (Pl.'s Undisputed Facts at 1, 3.) According to Samsung America, whenever it discovered latent manufacturing defects, it either sold the merchandise in its defective condition at a discount or repaired the defective merchandise. (Pl.'s Mem. of Law in Supp. of Mot. for Summ.J. ("Pl.'s Brief") at 5–6.) Samsung America then asserted its rights under the Agreements, and it received compensation from Samsung Korea either for the losses incurred as a result of the discounted sales, or for the costs incurred to repair the latent defects. *Id.*

### DISCUSSION

#### A. Burden of Proof

■ Customs' appraisal decisions enjoy a statutory presumption of correctness. 28 U.S.C. § 2639(a)(1) (1988); *Moss Mfg. Co. v. United States,* 13 CIT 420, 424, 714 F.Supp. 1223, 1227 (1989), *aff'd,* 896 F.2d 535 (1990). Samsung America must overcome this presumption in order to prevail in this case.

**B.** *Allowance Pursuant to 19 C.F.R. § 158.12*

■ Samsung America first argues that Customs should reduce the dutiable value of the merchandise at issue in this action pursuant to 19 C.F.R. § 158.12 (1990). According to Samsung America, section 158.12 authorizes a reduction in value because the merchandise possessed latent defects when it entered the United States. The Court does not agree.

The regulation that Samsung America relies upon in making its argument, 19 C.F.R. § 158.12, provides in pertinent part:

Merchandise which is subject to ad valorem or compound duties and found by the district director to be partially damaged at the time of importation shall be appraised in its condition as imported, with an allowance made in the value to the extent of the damage.

Although the language of this regulation is broad, Customs contends that the regulation applies only when an importer receives merchandise that is of a lesser quality than that for which he contracted. (Mem. of Law in Supp. of Def.'s Cross–Mot. for Summ.J. at 22.) Customs' interpretation of its own regulation is entitled to deference, so long as it is reasonable. *Duty Free International, Inc. v. United States,* 19 CIT ——, ——, slip op. 95–88 at 8, 1995 WL 283836 (May 12, 1995).

Upon review, the Court finds that Customs' interpretation of 19 C.F.R. § 158.12 is reasonable. The reasonableness of Customs' interpretation is illustrated by the hypothetical case in which an importer buys irregular dresses, including dresses that are slightly torn or stained, from a foreign manufacturer with the intention of selling the dresses "as-is" at discount outlets. When the dresses enter the country, Customs may properly determine the value of the merchandise using the price paid when the importer purchased the dresses for exportation to the United States. Customs does not have to adjust the value of the dresses to account for tears or stains pursuant to 19 C.F.R. § 158.12. In-

deed, a reduction in price would be inappropriate because the importer has received that for which he contracted, i.e. irregular dresses. *Esprit de Corp v. United States,* 17 CIT 195, 197–98, 817 F.Supp. 975, 977–78 (1993).

■ Having determined that 19 C.F.R. § 158.12 applies only when an importer receives merchandise that is of a lesser quality than that for which he contracted, the Court turns to consider whether the regulation authorizes a reduction in the value of the subject merchandise. When Samsung America purchased the subject merchandise from Samsung Korea, it did not contract only for defect-free merchandise. Samsung America also entered into the Agreements under which it received compensation for loss and repair costs resulting from defective merchandise. (Pl.'s Mot. for Summ.J., Ex. 1.) Hence, Samsung America contracted to receive the following items from Samsung Korea: (1) defect-free merchandise; and (2) defective merchandise for which it had a contractual right to compensation for loss or repair. When the merchandise arrived in the United States, Samsung America received no less than that for which it had contracted. Consequently, the Court finds that 19 C.F.R. § 158.12 does not entitle Samsung America to a reduction in value.

**C.** *Allowance Pursuant to 19 U.S.C. § 1401a(b)(3)(A)(i)*

Samsung America next argues that Customs should deduct costs incurred to repair latent defects in the subject merchandise from the transaction value of the merchandise pursuant to 19 U.S.C. § 1401a(b)(3)(A)(i) (1988). According to Samsung America, section 1401a(b)(3)(A)(i) authorizes a deduction because the costs incurred to repair the merchandise constitute post-importation maintenance costs. Assuming, without deciding, that the costs incurred to repair latent defects can be considered maintenance costs, the Court rejects Samsung America's argument.[1]

---

1. The parties disagree as to whether or not the costs incurred to repair the Samsung products constitute maintenance costs within the meaning of 19 U.S.C. § 1401a(b)(3)(A)(i). However, the Court does not need to address this issue in order to resolve the parties' motions for summary judgment.

■ In general terms, transaction value is an appraisal for duty purposes that is based upon the price paid for imported merchandise to or for the benefit of the seller, subject to specifically enumerated additions and deductions. *Moss Mfg. Co. v. United States,* 8 Fed.Cir. (T) 40, 44, 896 F.2d 535, 539 (1990). The statute cited by Samsung America, 19 U.S.C. § 1401a(b)(3)(A)(i) (1988), does not require Customs to deduct all post-importation maintenance costs from transaction value. Rather, the statute provides:

> (3) The transaction value of imported merchandise does not include any of the following, if identified separately from the price actually paid or payable ...:
>
> > (A) Any reasonable cost or charge that is incurred for—
> >
> > > (i) the ... maintenance of ... the merchandise after its importation into the United States....

Hence, the statute requires an importer to identify any charge incurred for post-importation maintenance, apart from the price charged for merchandise, in order to prevent such costs from being included in the transaction value of the merchandise.

The application of 19 U.S.C. § 1401a(b)(3)(A)(i) is illustrated by the following example. Assume that a U.S. importer purchases a photo copier under a sales contract that provides for a breakdown of costs, and that the total contract price includes separately identified costs for post-importation maintenance. *See* 19 C.F.R. 152.103(i) (1990) (discussing separately identified costs for technical assistance). Upon entry of the merchandise, Customs can see that the buyer has incurred costs in advance for post-importation maintenance, and Customs can distinguish this amount from the price that the buyer actually paid for the merchandise. Customs can then exclude the amount attributable to post-importation maintenance from the transaction value of the merchandise pursuant to section 1401a(b)(3)(A)(i). *Id.*

The statute would not, however, apply in the situation where a U.S. importer purchases a photo copier under a contract that fails to provide for post-importation maintenance. In such a case, the importer neither incurs, nor separately identifies, any costs for post-importation maintenance when it purchases the merchandise. Upon entry of the equipment, Customs can simply determine the transaction value of the merchandise using the price that the importer actually paid for it. If the importer incurs maintenance costs after importation of the merchandise, Customs is under no obligation to deduct the costs from the transaction value of the merchandise pursuant to section 1401a(b)(3)(A)(i). Indeed, such an obligation would lead to absurd results because the costs of maintaining a complex piece of equipment such as a photo copier could eventually exceed the transaction value of the merchandise.

This case resembles the second situation, in which the 19 U.S.C. § 1401a(b)(3)(A)(i) does not apply. The evidence fails to show that Samsung America paid for the imports under a sales contract that provided for a breakdown of costs, and that the total price paid included separately identified costs incurred for post-importation maintenance. Instead, the evidence shows that Samsung America did not incur, and consequently could not identify, the alleged post-importation maintenance costs when it purchased the subject merchandise. Indeed, Samsung America admits that it did not incur repair costs until after the importation of the merchandise, when it discovered the alleged defects. (Pl.'s Brief at 5–6.) Upon review, the Court finds that Customs has correctly determined the transaction value of the subject imports using the price that Samsung America actually paid for them, and that section 1401a(b)(3)(A)(i) does not apply.

## CONCLUSION

For all of the foregoing reasons, the Court concludes that Samsung America has failed to rebut the presumption of correctness in favor of defendant, and that defendant is entitled to judgment as a matter of law. Wherefore, it is hereby

**ORDERED** that plaintiff's motion for summary judgment is DENIED; and it is further

ORDERED that defendant's motion for summary judgment is GRANTED.

## ORDER

This case having come before the Court for decision, and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision, it is hereby

ORDERED, ADJUDGED and DECREED: that the United States Custom Service's denial of plaintiff's protests regarding the subject merchandise is affirmed. Judgment is entered for defendant.