**VOLKSWAGEN OF AMERICA, INC., Plaintiff,**

**v.**

**UNITED STATES, Defendant.**

**Slip Op. 98–39.**
**Court No. 96–01–00132.**

United States Court of
International Trade.

April 1, 1998.

Irving A. Mandel, Aventura, FL; Thomas J. Kovarcik, New York, NY, of counsel, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen.; Joseph I. Liebman, Attorney–in–Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (Bruce N. Stratvert), Washington, DC, for defendant.

## OPINION

GOLDBERG, Judge:

This matter is before the Court on plaintiff's motion for rehearing and reconsideration. Plaintiff, Volkswagen of America ("VWOA"), moves under USCIT R. 59 for a rehearing of this Court's January 7, 1998 Order (the "Order"), granting defendant's motion to suspend the instant action under *Samsung Elecs. America, Inc. v. United States*, 904 F.Supp. 1403 (CIT 1995).

Plaintiff submits that the Order should be modified to preclude suspension because the Court misinterpreted the relevant facts. Plaintiff also claims that the Order is incorrect because it conflicts with the Federal Circuit's holding in *Samsung Electronics America, Inc. v. United States*, —— Fed. Cir. (T) ——, 106 F.3d 376 (1997). For these reasons, plaintiff requests that the Court grant its motion for rehearing and reconsideration. In the alternative, plaintiff requests that the Court certify this issue for immediate appeal pursuant to 28 U.S.C. § 1292(d)(1) (1994). Plaintiff's motion is denied, and its request for certification is denied.

## I.

### BACKGROUND

The facts of this case plainly demonstrate why plaintiff's most recent motion lacks merit. In 1991, Samsung Electronics America, Inc. ("Samsung") filed a complaint with the court under Court No. 91–04–00288, alleging that Customs incorrectly appraised certain electronic merchandise imported by Samsung. According to Samsung, Customs' appraisal failed to account for the presence of latent defects in the merchandise. On June 17, 1992, the parties designated this *Samsung* action as a test case. Since then, thirty-six cases have been suspended under the *Samsung* test case, including nine in which VWOA is the plaintiff. Importantly, the same counsel represents all thirty-six plaintiffs in the suspended actions as well as plaintiff in the *Samsung* test case.

In October 1995, this Court issued an opinion in the *Samsung* test case, holding that Customs correctly appraised the merchandise when it found plaintiff was not entitled to an allowance for the latent defects. *See Samsung Elecs. America, Inc. v. United States*, 19 CIT 1307, 1311, 904 F.Supp. 1403, 1406 (1995). On appeal, the Federal Circuit reversed, holding that plaintiff is entitled to an allowance for defective merchandise. *See Samsung*, 106 F.3d at 379–80. In its remand instructions issued on March 27, 1997, the Federal Circuit directed this Court to determine the proper allowance for the defective merchandise. One month later, on April 25, 1997, Samsung filed a motion for partial summary judgment to establish its asserted allowance for the defects. The government then filed a cross-motion for summary judgment and a response in opposition to Samsung's motion for partial summary judgment on July 21, 1997. Samsung filed its reply memorandum and its response in opposition to the government's cross-motion for summary judgment on August 4, 1997. In accordance with the rules, on August 19, 1997, the government filed its reply memorandum. Subsequently, on November 19, 1997, Samsung filed a motion for leave to file a surreply to the government's August 19 reply memorandum. After the government responded to this motion, the Court granted

Samsung's motion to file a surreply on December 30, 1997, at which time both the surreply and the government's response thereto were deemed filed, and the *Samsung* test case became ready for disposition.

Meanwhile, on May 6, 1997, less than two weeks after Samsung filed its motion for partial summary judgment in the *Samsung* remand, VWOA, represented by the same counsel as Samsung, filed a consent motion to suspend five additional VWOA cases under the *Samsung* test case. In this consent motion, counsel for VWOA stipulated that the actions being considered for suspension concerned "the same significant issues of fact and questions of law as are involved in the test case." Pl.'s Consent Mtn. to Suspend, dated May 6, 1997. Counsel for VWOA further stated that "the final determination of the test case will, in all likelihood, enable the plaintiffs set forth on the annexed schedule [*e.g.*, VWOA and Samsung] to resolve all cases suspended under the test case expeditiously, either by stipulation or by summary judgment." *Id.*

Of critical import, however, an additional VWOA case, one that involves the same merchandise as that involved in the suspended VWOA actions and for which an identical complaint was filed, was not suspended in May 1997. For this one case, VWOA chose a different course. Specifically, on August 12, 1997, VWOA decided to file a motion for summary judgment, rather than a motion to suspend under *Samsung*. This decision is the genesis for the instant action.

 Upon learning of VWOA's August 12 motion for summary judgment, the government's counsel contacted counsel for VWOA to obtain consent to suspend the case at bar under the *Samsung* test case. Counsel for

VWOA withheld consent, which, in turn, led the government to file its own motion to suspend. This Court granted the government's motion to suspend on January 7, 1998. VWOA then filed the instant motion for rehearing on February 4, 1998. The government filed its opposition to plaintiff's motion in timely fashion on February 19, 1998.[1]

## II.

### *DISCUSSION*

#### A. Plaintiff's Motion for Rehearing

 The grant of a motion for rehearing, reconsideration, or retrial under USCIT R. 59 is within the sound discretion of the court. *Kerr–McGee Chem. Corp. v. United States*, 14 CIT 582, 583 (1990); *Union Camp Corp. v. United States*, — CIT —, —, 963 F.Supp. 1212, 1213 (1997). The purpose of a rehearing is not to relitigate a case. *See BMT Commodity Corp. v. United States*, 11 CIT 854, 855, 674 F.Supp. 868, 869 (1987). Rather, a rehearing only serves to rectify "a significant flaw in the conduct of the original proceeding." *W.J.Byrnes & Co. v. United States*, 68 Cust. Ct. 358, 358 (1972) (footnote omitted). Importantly, the court will not disturb its prior decision unless it is "manifestly erroneous." *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 336, 337, 601 F.Supp. 212, 214 (quoting *Quigley & Manard, Inc. v. United States*, 61 C.C.P.A. 65, 496 F.2d 1214 (1974)). As stated in *Gold Mountain Coffee*, the circumstances that may warrant a rehearing are well established:

(1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the

---

1. Treating VWOA's motion for rehearing as a nondispositive motion, the government filed its response within the ten business days prescribed by USCIT R. 7(d). Although not obvious from the court rules, a motion for rehearing is not a dispositive motion unless it will result in the final determination of the case. *See* USCIT R. 7(g). Thus, a motion for rehearing pursuant to USCIT R. 59 may or may not be dispositive depending on its content. *See Belfont Sales Corp. v. United States*, 12 CIT 916, 919, n. 7, 698 F.Supp. 916, 919, n. 7 (1988). Here, neither the grant nor denial of the relief sought by VWOA will result in

a final determination of this action. Thus, in this instance, the counsel for the government correctly treated VWOA's motion for rehearing as nondispositive.

As a result, the Court is forced to note that VWOA filed its reply to the government's response outside the rules of this court. USCIT R. 7(d) allows a moving party to file a reply only when a dispositive motion is at issue. Because the motion for rehearing here is not dispositive, VWOA was required to seek leave of the court to file a reply.

time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

8 CIT at 336–37, 601 F.Supp. at 214 (citation omitted).

None of the established grounds for rehearing exists here to persuade the Court that it should disturb its earlier decision. Although convoluted, plaintiff apparently maintains the Court erred in issuing the Order because it misinterpreted the facts relevant to the decision. VWOA explains that it initially filed the May 5, 1997 motion to suspend five cases under the test case because it was awaiting this Court's ruling in the *Samsung* remand. Yet, three months later, it then decided to file a motion for summary judgment in the sixth, identical VWOA case, apparently because no ruling had issued in the *Samsung* remand. In particular, plaintiff contends that the Court's "inaction" in *Samsung* forced VWOA to seek resolution of the sixth VWOA case directly, notwithstanding that it suspended five identical cases three months earlier.

▋ The Court did not misinterpret the facts. Rather, the Court clearly understood the facts identified by VWOA in addition to two critical facts that VWOA blatantly ignores. First, VWOA represented to this Court on May 5, 1997 that the issues of fact and questions of law in the VWOA actions are the same as those involved in the *Samsung* test case. Nowhere here, or in the papers filed in opposition to the government's motion to suspend, does VWOA even attempt to distinguish the instant action from the earlier, suspended actions. The Court recognizes that the power to suspend a case should not be wielded lightly. *See, e.g., Old Republic Ins. v. United States*, 9 CIT 190, 192 (1985). Yet, a party that affirmatively represents that its actions concern the same issues as a test case and that suspension will most expeditiously dispose of the actions can-

not then attempt to thwart suspension of an identical action without at least attempting to distinguish the earlier actions. This is the situation here, and the Court was certainly entitled to rely upon VWOA's earlier representations when it decided that suspension is appropriate for the instant action.

Second, VWOA conveniently ignores the critical fact that on August 12, 1997, when it filed its motion for summary judgment, motion papers were still outstanding in the *Samsung* remand. Specifically, the government's reply memorandum was not due until August 19, 1997. Moreover, Samsung, again represented by the same counsel as VWOA, sought leave from this Court to file a surreply in the remand case as late as November 19, 1997. The government responded to Samsung's motion on December 8, 1997, and the Court granted leave to file the surreply on December 30, 1997. Consequently, it would have been impossible for the Court to have decided *Samsung* within the timeframe isolated by VWOA (*i.e.*, between March 25, 1997 and August 12, 1997). As shown above, the *Samsung* case only became ready for disposition on December 30, 1997. VWOA's claim that the Court's "inaction" forced it to proceed with the case at bar, instead of suspending it, is wholly disingenuous.[2]

Finally, plaintiff also argues that rehearing is warranted because the Court's decision to suspend the instant action is at odds with the Federal Circuit's ruling in *Samsung*. Specifically, plaintiff claims that the Federal Circuit in *Samsung* prohibited the use of one party's sales contracts to resolve another party's valuation claims for latent defects. While this may be true, it has absolutely no bearing on the matter at hand. The *Samsung* remand decision from this Court will set the methodology for determining the allowance for defective merchandise. Formulating a methodology to determine the proper allowance does not require, or even suggest, that Samsung's contracts will be used to

---

2. The Court declines to address VWOA's bizarre allegation that collusion between the Court and the government caused the "inaction," other than to note that counsel for VWOA has come perilously close to being required to show cause why USCIT R. 11 sanctions should not be in-

voked. Such advocacy falls far short of what is expected of the attorneys who practice before this court. Should counsel for VWOA continue to press baseless arguments that only serve to delay proceedings, the Court may well revisit the issue of Rule 11 sanctions.

resolve VWOA's appraisement claims. Pursuant to USCIT R. 85, however, the methodology set in the remand decision may of course be used to dispose of those cases suspended under *Samsung*. Should the parties disagree as to application of the methodology, pursuant to USCIT R. 85, the Court may address grievances at that time. This framework in no way runs afoul of the Federal Circuit's ruling in *Samsung*. Moreover, the options for relief provided in USCIT R. 85 preserve the due process rights of all parties subject to suspension. In sum, plaintiff simply offers no suitable ground to suggest that rehearing is appropriate in this case. Accordingly, its motion for rehearing is denied.

## B. Plaintiff's Request for Certification for Appeal

In the alternative, plaintiff requests the Court to certify this Order for immediate appeal pursuant to 28 U.S.C. § 1292(d)(1).[3] Section 1292 provides in pertinent part as follows:

> When ... any judge of the Court of International Trade, in issuing any other interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

28 U.S.C. § 1292(d)(1). It is clear from the statute that two elements must be satisfied before the Court certifies an issue for interlocutory appeal: (1) there must be a controlling question of law on which there is substantial difference of opinion; and (2) immediate appeal must materially advance the ultimate termination of the litigation. *See, e.g., United States v. Dantzler Lumber & Export Co.*, 17 CIT 178, 180 (1993) (noting

that Congress intended section 1292 to be applied sparingly).

■ Plaintiff fails to establish that there is a substantial difference of opinion on a controlling question of law. Plaintiff contends that the Order conflicts with Chief Judge Carman's holding in *Old Republic*. Plaintiff is mistaken. Chief Judge Carman's fine opinion in *Old Republic* is perfectly consistent with this Court's Order. Specifically, in *Old Republic* Chief Judge Carman reasoned that "[a]bsent the required showing of identity or 'sameness' of issues, defendant's motion [to suspend] should be denied. Indeed, where a party opposes a Rule 84 suspension on the ground that the issues of fact or law are not the 'same,' there should be at least a presumption that suspension is inappropriate." 9 CIT at 192 (footnote omitted). Thus, Chief Judge Carman declined to suspend plaintiff's action under another case because there was no indication that the factual circumstances in the other case would be representative of the factual conditions relevant to plaintiff's case in *Old Republic. Id.* ("It is at best uncertain whether strong relevance exists between the [two] cases.").

Conversely here, plaintiff represented to the Court on May 5, 1997 that the factual issues as well as the questions of law in the VWOA cases were identical to those in the *Samsung* test case. Indeed, counsel for VWOA represented in its May 5 motion that suspension would aid disposition of the cases in the "most expeditious manner available." Thus, unlike the plaintiff in *Old Republic*, VWOA has represented that the actions involve the same issues of fact and law and, hence, the presumption exists that suspension is appropriate. And, VWOA has made no attempt to rebut this presumption by distinguishing the instant action from the other, suspended VWOA actions. Consequently, disagreement as to a controlling question of law is wholly lacking. For this reason, an appeal from the interlocutory order here is not warranted.

---

**3.** In its motion papers, VWOA actually requests certification pursuant to 28 U.S.C. § 1292(b); however, the correct statutory provision governing certification of interlocutory appeals from orders of this court is 28 U.S.C. § 1292(d)(1).

### III.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for rehearing is denied and an order will be entered accordingly. Plaintiff's request for certification is also denied.

### ORDER

Upon reading plaintiff's Motion for Rehearing and Reconsideration pursuant to US-CIT R. 59, and Memorandum of Law in Support Thereof, and Request for Certification; defendant's Response in Opposition to Plaintiff's Motion; upon other papers and proceedings had herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiff's motion be, and hereby, is denied; and it is further,

**ORDERED** that plaintiff's request for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(d)(1) is denied.