A&J Auto Sales v. USA                    CV-98-294-SD   06/24/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

<u>A & J Auto Sales, Inc.</u>

_____v.                                   Civil No. 97-294-SD

<u>United States of America</u>

O R D E R

The United States has petitioned the court for a limited hearing of the above-captioned case. According to the petitioner, the court's "[o]rder revealed an unanticipated interrelationship between certain issues." Motion for Limited Rehearing at 1. Upon inspection, however, the court finds that the government's request is nothing more than an attempt to reargue an issue that has already been decided; i.e., the proper definition of the term willful in section 362(h) of the Bankruptcy Code. <u>See</u> 11 U.S.C. § 362(h).

The question is one of statutory interpretation, over which courts have disagreed. The United States' argument is based on the court's finding that while section 362(h) mandates awarding damages to individuals injured by a willful violation of the automatic stay, the bankruptcy court's civil contempt power under section 105 allows the court discretion to sanction other stay violations. According to the government, this holding "suggests

a powerful policy reason to modify the Court's ruling regarding willfulness." Motion for Limited Rehearing at 3. The court, however, finds that this new argument is one the government merely chose not to make in the original appeal. At that time, the United States argued that the bankruptcy court's contempt power does not allow it to sanction violations of the stay. All of the government's other arguments were raised in the original appeal, and have been duly considered by the court. A petition for rehearing is not intended to allow the petitioner to reargue its case. See Anderson v. Knox, 300 F.2d 296, 297 (9th Cir. 1962). Furthermore, although the United States decries the court's finding as likely to lead to the issuance of "impermissible advisory opinions," the modification the government seeks would have no effect on the rights and liabilities of the parties to this case.

Conclusion

For the abovementioned reasons, the United States' Motion for Limited Rehearing is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

June 24, 1998
cc:  Diane M. Puckhaber, Esq.
     Beth A. Westerman, Esq.
     Karen A. Smith, Esq.
     Paul M. Gagnon, Esq.
     George Vannah, Clerk, US Bankr. Ct.