In re Donald A. ANDERSON, as surety for Andair Farms, also known as Anderson Farms; Joyce D. Anderson, Debtors.

JaKS Farm Custom Forage Harvesting, L.L.C., Creditor–Appellant,

v.

Donald A. Anderson and Joyce D. Anderson, Debtor–Appellees.

No. 03–6087MN.

United States Bankruptcy Appellate Panel of the Eighth Circuit.

April 6, 2004.

Matthew L. Benda of Albert Lea, Minnesota, for appellant.

Kurt Michael Anderson of Minneapolis, Minnesota, for appellee.

On March 16, 2004, we reversed and remanded an order of the bankruptcy court confirming the Andersons' Chapter 12 plan. On March 26, 2004, the Andersons filed a motion for rehearing. They cited as grounds for rehearing that (1) the opinion errs as a matter of Minnesota law and possibly as a matter of federal law; (2) insofar as equitable considerations govern this case, the opinion fails to give due deference to the trial court; and (3) the opinion fails to apply the clearly erroneous standard of review to the bankruptcy court's finding. We find no merit to the Andersons' motion, and we deny same.

■■■ The gravamen of the Andersons' argument is that there is "an ancient and continuing concern in Minnesota for the social value of preserving a homestead," therefore, all debt must be marshaled away from the homestead. We are not persuaded by this argument for the following three reasons. First, the Andersons voluntarily granted AgStar liens on their homestead and nonhomestead real estate. Second, their own schedules indicated that the value of AgStar's lien against both the homestead and nonhomestead real estate was $47,170. On March 29, 2003, the bankruptcy court held a hearing on the Andersons' motion to sell 40 acres of homestead property, for the sum of $80,000, free and clear of all liens. The court overruled JaKS's objection and approved the sale, provided that the proceeds of that sale be applied to the AgStar real estate mortgage. Immediately there-

after, at the confirmation hearing, Mr. Anderson testified that he had listed 60 nonexempt acres for a price of $80,000 and that he had a contract for the sale of 40 homestead acres for $80,000. Those figures alone give rise to nonexempt equity sufficient to satisfy JaKS' judgment lien, therefore, the bankruptcy court erred in confirming a plan over JaKS' objection. Third, the Andersons argue that the effective date of the plan is the effective date for valuing a secured creditor's claim.[1] And, that the sale of the 40 homestead acres had not been consummated on the date the court confirmed the plan. They claim that AgStar's lien was in place on the confirmation date, that it attached only to the nonhomestead acres, and that the nonhomestead acres could not satisfy AgStar's lien. They, therefore, claim the bankruptcy court was correct in determining there was no value remaining for the attachment of JaKS' judgment lien. Moreover, the Andersons claim that a "debtor's unconsummated intention does not affect allocation of liens, either under Minnesota law or under the Bankruptcy Code." They cite no cases or statutes for this premise, but we find that a bankruptcy court's order directing the application of the proceeds of a sale has more force and effect than the debtors' "unconsummated intention." In any event, this argument ignores the fact that the Andersons had given AgStar a lien on their homestead acreage.

■■■ As we held, the court erred in finding JaKS was not a secured creditor, in using the confirmation process to avoid a valid lien absent an objection to said claim, and in using the confirmation process, instead of an adversary proceeding, to determine the extent and validity of the lien. Nothing in the Andersons' motion for re-

---

1. We note that the Andersons concede here that JaKS was, in fact, a secured creditor, though the bankruptcy court found otherwise.

hearing addresses those issues. All of their arguments go to the value of their collateral, even though their own schedules indicate nonexempt equity sufficient to support JaKS' judgment lien.

Finally, the Andersons did not raise the 11 U.S.C. § 1225(a)(5)(b)(ii) argument in their appeal, and we will not consider it for the first time in a motion for rehearing. Had they raised it, however, we would have found nonexempt equity based on the facts before the bankruptcy court at the time of confirmation. Based on Mr. Anderson's testimony, there was equity in the real estate owned by the Andersons. Apparently, the Andersons ask us to consider AgStar's liens on property owned by Andair Farms, which is allegedly cross-collaterized, without considering the value of Andair Farms' assets. This we refused to do in our previous opinion, and we refuse to do so in this motion for rehearing. We, therefore, find that we did not overlook a material matter of law or fact that would have brought about a different result, and we deny the motion for rehearing.