Slip Op. 05 - 15

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - -x

SERGIO U. RETAMAL,                          :

             Plaintiff, :

           v.                          :   Court No. 03-00613

U.S. CUSTOMS AND BORDER PROTECTION   :
DEPARTMENT OF HOMELAND SECURITY,
                        :

            Defendant.   :
                        :

- - - - - - - - - - - - - - - - - - -x


Memorandum & Order


[Upon motion in the name of the plaintiff
 for rehearing, counsel admonished to ad-
 here to the rules of proper practice.]


Dated:  February 3, 2005


    John J. Galvin (Galvin & Mlawski) relator *pro bono et malo*.

    Peter D. Keisler, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Jack S. Rockafellow); and Office of Associate Chief Counsel, Customs and Border Protection, U.S. Department of Homeland Security (Marc K. Matthews), of counsel, for the defendant.


      AQUILINO, Senior Judge:  From the beginning, the Court of International Trade has had the benefit of able advocacy by the members of its especial Bar, some of whom, more recently, have appeared in certain cases *pro bono publico*.  That kind of partici-pation, however, does not entail any exemption from the well-established rules of proper practice.

I

This action for judicial review of the revocation of the license of a customs broker pursuant to 19 U.S.C. §1641(g)(2) was commenced and prosecuted by the plaintiff *pro se*. Upon defendant's motion, it was dismissed as time-barred per the court's slip opinion 04-149, 28 CIT ___ (Nov. 24, 2004), familiarity with which is presumed.

Subsequent to the entry of that final judgment, the office of the Clerk of Court received and docketed a notice of appearance by the above-named relator, John J. Galvin, Esq., a Plaintiff's Motion for Rehearing, and, following the filing by the defendant of papers in opposition thereto, a Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Rehearing. Since each submission signed by him appeared on its face to violate a rule of CIT practice, namely, 75, 11, and 7, respectively, the undersigned was constrained *sua sponte* to order the relator to show cause why he should not be sanctioned for violation of the rules. A hearing was held thereon in open court on January 28, 2005.

A

Of course, the initial questions every court must consider are the standing of a named party plaintiff to invoke jurisdiction and, when asserted through an attorney, the authority

of that individual to so represent.  <u>See</u>, <u>e</u>.<u>g</u>., <u>Ross ex rel. Smyth v. Lantz</u>, No. 05-CV-116(RNC) (D.Conn. Jan. 25, 2005)(stay of execution granted), <u>motion to vacate stay denied</u>, No. 05-8900 (2d Cir. Jan. 25, 2005), <u>application to vacate stay granted sub nom</u>. <u>Lantz v. Ross</u>, No. 04A656, 543 U.S. ___ (Jan. 27, 2005).

Here, the first answer is and was in the affirmative: Sergio U. Retamal had (and has) standing to attempt to obtain judicial relief, and he therefore had at the least his first day in court, to the extent permitted by the facts and governing law of his predicament, which were held to warrant final judgment in favor of the defendant.

The answer to the second question was not clear at all after entry of that dismissal (and prior to issuance of the order to show cause), and the hearing held thereon did not completely clarify the matter either.  The motion for rehearing submitted by the relator prays, in the alternative, that decision thereof

> be stayed pending a final resolution of the identical issue presently pending . . . in *Butler v. United States*, Court No. 04-00584, which case appears to involve facts and issues which are the same in all material respects to those at bar herein.

That matter, <u>Butler v. United States</u>, was docketed just before the entry of the judgment of dismissal herein, which, as reported at the hearing, led Massachusetts counsel therein to contact the relator for advice with regard to the judgment's impact:

> . . . [T]he decision of this court [o]n November 24
> would seem to be a difficult obstacle to his prevailing.
> He felt that he . . . certainly couldn't represent Mr.
> Retamal . . . but he asked me . . . if we would be
> willing to . . .. I said, well I doubt it . . . from
> what I understand he's a young fella, I doubt he can
> afford it.[1]

This then sounds like the instigation of whatever contact may have come to be between the relator and the plaintiff, who has yet to notify this court of any desire that Mr. Galvin represent him any further before the undersigned. Such notice is the expectation of USCIT Rule 75(c) *viz.*:

> A party who desires to substitute an attorney may
> do so by serving a notice . . . substantially . . .
> as set forth in Form 12 of the Appendix of Forms. . . .

                                    B

USCIT Rule 7(d) provides that a party making a dispositive motion shall have 10 days after service of a response thereto to serve a reply. Subsection (g) of that rule defines such motions to include those

> for judgment on the pleadings; . . . for summary judg-
> ment; . . . for judgment upon an agency record; . . . to
> dismiss an action; and any other motion for a final
> determination of an action.

On its face, the motion at bar in the name of the plaintiff for rehearing, praying as it does either for vacation of the judgment of dismissal or for a stay pending resolution of a subsequently-commenced, other action, is not one for a final

---

[1] As deciphered from the recording of the hearing that has yet to be transcribed officially.

determination.  See, e.g., Belfont Sales Corp. v. United States, 12 CIT 916, 919 and 698 F.Supp. 916, 919 n. 7 (1988)("a motion for rehearing . . ., depending on its content, can be either dispositive within the foregoing definition or not"); Volkswagen of America, Inc. v. United States, 22 CIT 280, 282 and 4 F.Supp.2d 1259, 1261 n. 1 (1998).  Hence, the filing of Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Rehearing was not in order, and, as stated by the court at the hearing, its contents therefore will not be taken into account.

C

It can be assumed that each and every lawyer who practices in federal court is aware, perhaps even painfully-aware, of Rule 11.  See generally Vairo, Rule 11 Sanctions: Case Law, Perspectives and Preventive Measures (3d ed. 2004  American Bar Ass'n).  USCIT Rule 11(b) provides that, by

> presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after any inquiry reasonable under the circumstances,
>
> > (1)  it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2)  the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> (3)  the allegations and other factual
>      contentions have evidentiary support
>      or, if specifically so identified,
>      are likely to have evidentiary sup-
>      port after a reasonable opportunity
>      for further investigation or discov-
>      ery; and
>
> (4)  the denials of factual contentions
>      are warranted on the evidence or, if
>      specifically  so  identified,  are
>      reasonably based on a lack of infor-
>      mation or belief.

The gist of Plaintiff's Motion for Rehearing filed herein by the relator is that it was "manifestly erroneous" for the court to dismiss this action.  Presumably, the relator selected this compound adjective in recognition of a cited standard that, when considering a motion for rehearing, a court will not disturb a prior decision unless it is in fact "manifestly erroneous".  E.g., United States v. Gold Mountain Coffee, Ltd., 8 CIT 336, 337, 601 F.Supp. 212, 214 (1984), quoting Quigley & Manard, Inc. v. United States, 61 CCPA 65, C.A.D. 1121, 496 F.2d 1214 (1974).  But that approach was enunciated by the court of appeals in Quigley as the standard for **its** review of the Customs Court's denial of a motion for rehearing.  See 61 CCPA at 67, 496 F.2d at 1214, quoting Commonwealth Oil Refining Co. v. United States, 60 CCPA 162, 166, C.A.D. 1105, 480 F.2d 1352, 1355 (1973).

Be that as it may, this court continues to consider a motion for rehearing governed by a broader purpose, to wit, as "a

means to correct a miscarriage of justice"[2].  Or stated, another

way, the

> purpose of a petition for rehearing under the Rules
> . . . is to direct the Court's attention to some material
> matter of law or fact which it has overlooked in deciding
> a case, and which, had it been given consideration, would
> probably have brought about a different result.

NLRB v. Brown & Root, Inc., 206 F.2d 73, 74 (8th Cir. 1953).  See

also Exxon Chemical Patents, Inc. v. Lubrizol Corp., 137 F.3d 1475,

1479 (Fed.Cir.), cert. denied, 525 U.S. 877 (1998); New York v.

Sokol, No. 94 Civ. 7392 (HB), 1996 WL 428381, at *4 (S.D.N.Y. July

31, 1996), aff'd sub nom. In re Sokol, 108 F.3d 1370 (2d Cir.

1997); In re Anderson, 308 B.R. 25, 27 (8th Cir. BAP 2004).

---

[2] Starkey Laboratories, Inc. v. United States, 24 CIT 504, 510, 110 F.Supp.2d 945, 950 (2000), quoting Nat'l Corn Growers Ass'n v. Baker, 9 CIT 571, 585, 623 F.Supp. 1262, 1274 (1985). Compare Bomont Industries v. United States, 13 CIT 708, 711, 720 F.Supp. 186, 188 (1989) ("a rehearing is a 'method of rectifying a significant flaw in the conduct o[f] the original proceeding'"), quoting RSI (India) Pvt., Ltd. v. United States, 12 CIT 594, 595, 688 F.Supp. 646, 647 (1988), quoting the "exceptional circumstances for granting a motion for rehearing" set forth in North American Foreign Trading Corp. v. United States, 9 CIT 80, 607 F.Supp. 1471 (1985), aff'd, 783 F.2d 1031 (Fed.Cir. 1986), and in W.J. Byrnes & Co. v. United States, 68 Cust.Ct. 358, C.R.D. 72-5 (1972). See also USCIT Rule 61:

> No error . . . or defect in any ruling or order or
> in anything done or omitted by the court . . . is ground
> for granting a new trial or for setting aside a verdict
> or for vacating, modifying, or otherwise disturbing a
> judgment or order, unless refusal to take such action
> appears to the court inconsistent with substantial
> justice.  The court at every stage of the proceeding must
> disregard any error or defect in the proceeding which
> does not affect the substantial rights of the parties.

As the facts underlying the instant action and set forth at page 4 of slip opinion 04-149 show, there is no injustice to correct, and, perhaps not surprisingly, the relator does not argue otherwise. Rather, he refers to the opinion's conclusory citation of 19 U.S.C. §1641(e)(1) and 28 U.S.C. §2636(g) as the error, but correction thereof[3] cannot lead to vacation of the judgment of dismissal. Quite simply, the plaintiff failed to timely file his report that is required by 19 U.S.C. §1641(g)(1) on the first of February every third year and then failed to submit that triennial report within the grace periods afforded by subsection (g)(2) *viz*:

> If a person licensed under subsection (b) of this section fails to file the required report by March 1 of the reporting year, the license is suspended, and may be thereafter revoked subject to the following procedures:
>
> (A) [Customs] shall transmit written notice of suspension to the licensee no later than March 31 of the reporting year.
>
> (B) If the licensee files the required report within 60 days of receipt of the [Customs] notice, the license shall be reinstated.
>
> (C) In the event the required report is not filed within the 60-day period, the license shall be revoked without prejudice to the filing of an application for a new license.

As pointed out at page 2 of slip opinion 04-149, plaintiff's report was received by Customs on May 28, 2003, some three weeks after his license had been revoked "by operation of law on May 6, 2003".

---

[3] The language, but not the essence, of slip opinion 04-149 will be amended.

Clearly, the plaintiff acted too late to forego that mandatory statutory revocation, albeit "without prejudice to the filing of an application for a new license." Moreover, as Plaintiff's Motion for Rehearing itself indicates, the statutes[4] "do not address []or confer jurisdiction in cases involving revocation of a broker's license by operation of 19 U.S.C. §1641(g)(2)[C]". Indeed, the fact that Congress has provided in 19 U.S.C. §1641(e) for judicial appeal from license revocations pursuant to preceeding subsections of 1641 is the best evidence of the legislative determination not to permit such review of matters arising out of succeeding subsection (g), nor does the history of those statutes (or the relator herein) show otherwise.

II

In view of the foregoing, Plaintiff's Motion for Rehearing must be, and it hereby is, denied; and its relator *pro bono et malo* must be, and he hereby is, admonished to adhere to the rules of proper practice.

So ordered.

Dated:  New York, New York
        February 3, 2005


                                        Thomas J. Aquilino
                                          Senior Judge

---

[4] E.g., Tariff Act of 1930, ch. 497, Title IV, §641, 46 Stat. 590, 759-60 (June 17, 1930), as amended; Customs Courts Act of 1980, Pub. L. No. 96-417, Title VI, §611, 94 Stat. 1727, 1746 (Oct. 10, 1980); Trade and Tariff Act of 1984, Pub. L. No. 98-573, Title II, §212, 98 Stat. 2948, 2978-84 (Oct. 30, 1984).