Slip Op. 05 - 113

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - - - x
UGINE & ALZ BELGIUM, N.V.; ARCELOR
STAINLESS USA, LLC; and ARCELOR TRAD- :
ING USA, LLC,
                                     :

                       Plaintiffs,
                                     :
           v.                        Court No. 05-00444
                                     :
UNITED STATES,
                                     :

                       Defendant.
- - - - - - - - - - - - - - - - - - - - - x

<u>Memorandum & Order</u>

[Plaintiffs' renewed motion to enjoin
 Department of Commerce liquidation in-
 structions to Bureau of Customs denied.]

Dated:  August 29, 2005

    <u>Shearman & Sterling LLP</u> (<u>Robert S. LaRussa</u>, <u>Stephen J. Marzen</u>
and <u>Ryan A.T. Trapani</u>) for the plaintiffs.

    <u>Peter D. Keisler</u>, Assistant Attorney General; <u>David M. Cohen</u>,
Director, and <u>Patricia M. McCarthy</u>, Assistant Director, Commercial
Litigation Branch, Civil Division, U.S. Department of Justice
(<u>Michael D. Panzera</u>); and Office of Chief Counsel for Import Ad-
ministration, U.S. Department of Commerce (<u>Ada Loo</u> and <u>Arthur
Sidney</u>) and Bureau of Customs and Border Protection, U.S. Depart-
ment of Homeland Security (<u>Christopher Chen</u>), of counsel, for the
defendant.

        AQUILINO, Senior Judge:  The court was constrained to

conclude in slip opinion 05-97, 29 CIT ___, ___ F.Supp.2d ___ (Aug.

17, 2005), familiarity with which is presumed, that it could not

grant plaintiffs' application for a preliminary injunction in this

action, enjoining certain liquidation instructions that have been

issued to the Bureau of Customs and Border Protection, U.S.

Department of Homeland Security by the International Trade Admin-

istration, U.S. Department of Commerce[1] in conjunction with its
<u>Notice of Amended Final Determinations: Stainless Steel Plate in
Coils from Belgium and South Africa; and Notice of Countervailing
Duty Orders: Stainless Steel Plate in Coils from Belgium, Italy and
South Africa</u>, 64 Fed.Reg. 25,288 (May 11, 1999), and its <u>Antidump-
ing Duty Orders; Certain Stainless Steel Plate in Coils From
Belgium, Canada, Italy, the Republic of Korea, South Africa, and
Taiwan</u>, 64 Fed.Reg. 27,756 (May 21, 1999).  That slip opinion, page
19, afforded the plaintiffs an opportunity before entry of an order
denying that injunctive relief to "inform the court and opposing
counsel . . . as to how they propose to proceed from now on in this
matter" and continued in effect the temporary restraining order
entered on July 27, 2005 until the close of business on August 24,
2005.

I

The plaintiffs have responded by filing the following
papers: Motion for Clarification and Reconsideration; Memorandum in
Support of Plaintiffs' Motion for Clarification and Reconsideration
or, in the Alternative, for an Injunction Pending Appeal[2]; Order of
Reconsideration[3]; and Renewed Temporary Restraining Order[4].  Obvi-

---

[1] Referred to hereinafter as "ITA".

[2] Referred to hereinafter as "Plaintiffs' Memorandum".

[3] As submitted, this proposed form of order would vacate slip
opinion 05-97.

[4] The plaintiffs have also filed an Additional Statement of
Defendant Consenting to Extension of the Temporary Restraining

(footnote continued)

ously, these amount to a plea for a return to the beginning --
rather than any procedure for expedited joinder of issue and trial
of this action for equitable relief on the merits.

A

The gravamen of that relief for which the plaintiffs
pray, whether preliminary or permanent, is essentially the same.
Compare Plaintiffs' Complaint, para. 29(a) with Plaintiffs' [Pro-
posed] Preliminary Injunction, 2nd decretal para. (filed July 22,
2005).  But a preliminary injunction is extraordinary relief, while

_____

Order and Injunction Pending Appeal wherein they represent that
counsel for the defendant responded by *e-mail* to these filings,
giving the consent indicated, albeit conditioned upon the report-
ed caveat that

> the Government strongly agrees with the Court's denial of
> plaintiffs' request for a preliminary injunction, and
> urges plaintiffs to withdraw their meritless complaint[.]

Subsequent to this filing, the court received defendant's Partial
Consent Motion for Extension of Time, which affirmed plaintiffs'
foregoing representations as well as their consent to that motion
of the defendant,

> conditioned upon the temporary restraining order re-
> maining in place for the duration of the Court's consid-
> eration and disposition of the motion for reconsider-
> ation.

The plaintiffs further represent that counsel for the in-
tervenor-defendants did not have any position on the requested
extension of the temporary restraining order.  See Plaintiffs'
Memorandum, p. 5 n. 1.

"However salutary the concerns for orderly proceeding (and
even accommodation) are" [Slip Op. 05-97, p. 12], the effect of
that restraining order is the same as that of the requested pre-
liminary injunction, which, as discussed in slip opinion 05-97 and
again hereinabove, cannot be granted.  Hence, that order of July
27, 2005, must be, and it hereby is, vacated (as of the close of
business on August 24, 2005).

a permanent injunction is not -- because, by the moment of the latter's entry, a full and complete record of all the underlying facts and circumstances has been developed and adjudicated. Ergo, the standards the courts have set for grant of the former (in the absence of such a record) are strict -- and have not been satisfied by the plaintiffs herein. There is no evidence yet on the record to explain, for example, how the first-named, Belgian plaintiff herein could have for years (1) processed (or had processed) ["pickled and annealed"[5]] the subject merchandise in Belgium;(2) packaged and shipped that product from that land to this country; (3) certified those goods upon entry via its affiliated corporate U.S. agents, the Arcelor plaintiffs, as products of Belgium subject to the above-cited ITA countervailing- and antidumping-duty orders; (4) advanced without protest all of the duties contemplated by those orders covering Belgium; (5) not challenged Belgium as the country of origin during successive ITA administrative (or possible court) reviews of those entries; and (6) still now plead after myriad such entries that those deeds were all the result of "mistake"[6], one counsel now contend is actionable as a matter of U.S. law because the merchandise is not really from or of Belgium.

There is no evidence yet on the record to determine whether or not the entries allegedly encompassed by this action are, as the intervenor-defendants posit, deemed liquidated as a

---

[5] Plaintiffs' Complaint, paras. 1-3.

[6] See id., paras. 10, 14, 15.

matter of law -- and therefore now beyond the reach of any belated claim for equitable relief.  <u>See</u> Slip Op. 05-97, p. 11, quoting from Intervenor-Defendants' Response to Plaintiffs' Motion for Preliminary Injunction, pp. 1-2.  Indeed, this stance of the petitioners-cum-intervenor-defendants had been taken first before the ITA[7], citing for support the recent decision in <u>Int'l Trading Co. v. United States</u>, 412 F.3d 1303 (Fed.Cir. 2005), to the effect that any entry that is not liquidated within six months after notice of removal of the suspension of liquidation is deemed liquidated by operation of law at the rate the product was entered. The plaintiffs have yet to offer any response with regard to this potentially-dispositive issue, not on the facts, not on the law, not in their instant motion for reconsideration.

Their motion does seek clarification of the court's jurisdiction.  It states that, if this court

> determines that it has jurisdiction over the subject matter of this action and can therefore reach the merits of Arcelor's preliminary injunction motion, then Arcelor respectfully moves the Court to reconsider whether [it] has established a substantial likelihood of success on the merits.[8]

But it is not imperative that this court conclusively determine

---

[7] <u>See</u> Memorandum in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, Exhibit 9, pp. 6-7.

[8] Plaintiffs' Memorandum, p. 3.  They also express the view that, whether or not they would suffer irreparable harm from denial of the preliminary injunction determines if the court must dismiss this action for lack of subject-matter jurisdiction or may reach the merits of their application for that injunction.  <u>See id</u>. at 2-3.

jurisdiction over an action as a predicate to ruling on the merits of such threshold equitable relief.  In <u>U.S. Ass'n of Importers of Textiles & Apparel v. United States</u>, 413 F.3d 1344, 1348 (Fed.Cir. 2005), reversing a Court of International Trade grant of a preliminary injunction, for example, the court of appeals nevertheless found "no abuse of discretion in the trial court's decision to delay consideration of the government's motion to dismiss [for lack of subject-matter jurisdiction] until briefing was completed."  On the other hand, the Federal Circuit

> disagree[d] . . . that the jurisdictional arguments could be [completely] ignored in ruling on the Association's preliminary injunction motion.  The question of jurisdiction closely affects the Association's likelihood of success on its motion for a preliminary injunction. Failing to consider it was legal error.

Suffice it simply to repeat now that this court has indeed considered plaintiffs' claim of jurisdiction, including its reliance on <u>Zenith Radio Corp. v. United States</u>, 710 F.2d 806 (Fed.Cir. 1983)[9], but that it does not enhance their application for a preliminary injunction.

B

Plaintiffs' instant motion for reconsideration is stated as made pursuant to USCIT Rules 59 (New Trials; Rehearings; Amendment of Judgments) and 62(c)(Injunction Pending Appeal).  With regard to the first rule, this court recently pointed out, yet

---

[9] <u>Compare</u> Memorandum in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, p. 5 <u>with</u> Slip Op. 05-97, p. 8.  <u>Cf</u>. Plaintiffs' Memorandum, p. 5.

again, [Agro Dutch Industries Ltd. v. United States, 29 CIT ___,

Slip Op. 05-28, pp. 5-6 (Feb. 28, 2005), appeal docketed, No. 05-

1288 (Fed.Cir. March 22, 2005)] that it considers a motion for

reconsideration to be "a means to correct a miscarriage of

justice". Starkey Laboratories, Inc. v. United States, 24 CIT 504,

510, 110 F.Supp.2d 945, 950 (2000), quoting Nat'l Corn Growers

Ass'n v. Baker, 9 CIT 571, 585, 623 F.Supp. 1262, 1274 (1985).

Compare Bomont Industries v. United States, 13 CIT 708, 711, 720

F.Supp. 186, 188 (1989) ("a rehearing is a 'method of rectifying a

significant flaw in the conduct o[f] the original proceeding'"),

quoting RSI (India) Pvt., Ltd. v. United States, 12 CIT 594, 595,

688 F.Supp. 646, 647 (1988), quoting the "exceptional circumstances

for granting a motion for rehearing" set forth in North American

Foreign Trading Corp. v. United States, 9 CIT 80, 607 F.Supp. 1471

(1985), aff'd, 783 F.2d 1031 (Fed.Cir. 1986), and in W.J. Byrnes &

Co. v. United States, 68 Cust.Ct. 358, C.R.D. 72-5 (1972).   Cf.

USCIT Rule 61:

> No error . . . or defect in any ruling or order or
> in anything done or omitted by the court or by any of the
> parties is ground for granting a new trial or for setting
> aside a verdict or for vacating, modifying, or otherwise
> disturbing a judgment or order, unless refusal to take
> such action appears to the court inconsistent with
> substantial justice.  The court at every stage of the
> proceeding must disregard any error or defect in the
> proceeding which does not affect the substantial rights
> of the parties.

Or, stated another way, the

> purpose of a petition for rehearing [] under the Rules
> . . . is to direct the Court's attention to some material
> matter of law or fact which it has overlooked in deciding

a case, and which, had it been given consideration, would probably have brought about a different result.

NLRB v. Brown & Root, Inc., 206 F.2d 73, 74 (8th Cir. 1953). See also Exxon Chemical Patents, Inc. v. Lubrizol Corp., 137 F.3d 1475, 1479 (Fed.Cir.), cert. denied, 525 U.S. 877 (1998); New York v. Sokol, No. 94 Civ. 7392 (HB), 1996 WL 428381, at *4 (S.D.N.Y. July 31, 1996), aff'd sub nom. In re Sokol, 108 F.3d 1370 (2d Cir. 1997); In re Anderson, 308 B.R. 25, 27 (8th Cir. BAP 2004).

Plaintiffs' motion at bar fails to show any miscarriage of justice. It does correctly state, on the other hand, that "the standard for granting a preliminary injunction is the same as the standard for granting an injunction pending appeal". Plaintiffs' Memorandum, p. 5. But this, of course, means that, since the plaintiffs have failed to carry their burden of persuasion for grant of a preliminary injunction in this action in the Court of International Trade, they also are not entitled to that kind of extraordinary relief pending appeal to another court on the very same grounds.

II

The plaintiffs make clear their intent to attempt to proceed in the absence of expedited joinder of issue and trial of this action on the merits. And since this court is unable to continue in effect the extraordinary relief that was the temporary restraining order or to grant a preliminary injunction either herein or pending appeal, this memorandum, which incorporates by

reference the court's slip opinion 05-97, shall serve as the order denying that relief, as prayed for initially, and via plaintiffs' instant motion for clarification and reconsideration or, in the alternative, for an injunction pending appeal.

So ordered.

Dated:  New York, New York
        August 29, 2005


                                    Thomas J. Aquilino, Jr.
                                          Senior Judge