**In re Cyril M. GRAY, Debtor.**

**Eldon K. Bugg; Danny Bugg, Creditors–Appellants,**

v.

**Cyril M. Gray, Debtor–Appellee.**

No. 14–6027.

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Signed Dec. 31, 2014.

Eldon K. Bugg, Boonville, MO, pro se.

Marc Honey, William Marshall Hubbard, Honey Law Firm, Hot Springs, AR, for Debtor–Appellee.

## ORDER

On November 24, 2014, we affirmed the bankruptcy court's award of actual damages for Eldon Bugg and Danny Bugg's willful violation of the automatic stay but reversed its award of punitive damages. The Buggs have now made a motion for rehearing. As we find no merit in the motion, it is denied.

Federal Rule of Bankruptcy Procedure Rule 8022 governs motions for rehearing. It requires the motion "to state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion."

Federal Rule of Appellate Procedure 40 mirrors Rule 8022, therefore, some courts

have looked to Rule 40 for guidance. The Ninth Circuit has stated, "a party abuses the privilege of making such a petition when it seeks review of a scope greater than the limited confines of Fed. R. App. P. 40.... Consideration of subsequent factual occurrences is, thus, beyond the scope of a petition for rehearing." *Armster v. U.S. Dist. Court for Cent. Dist. of Cal. et. al.,* 806 F.2d 1347, 1356 (9th Cir. 1986) (*citing Goland v. Cent. Intelligence Agency,* 607 F.2d 339, 370 (D.C.Cir.1978)). Petitions for rehearing function to ensure that the appellate court properly considered all relevant information in coming to its decision; it is not a means by which to reargue a party's case. *See Anderson v. Knox,* 300 F.2d 296, 297 (9th Cir.1962).

Here, the Buggs have failed to carry their burden to show that we overlooked or misapprehended a material matter of fact or law. Instead of pointing to facts that we had overlooked or misapprehended, the Buggs simply point to facts that were not in the record. Their argument hinges on a transcript that was not provided as part of the appellate record. Despite the fact that the transcript could have been available to the Buggs, they decided not to submit it to us. It should go without saying, it is impossible for us to have overlooked something without it first being provided. At the time of our opinion the appellate record was thoroughly examined. Even if we did consider the merits of these "new" facts we do not find rehearing to be warranted.

Additionally, the Buggs raise arguments that they did not raise in their appeal. For example, the Buggs now argue that they could not have violated the automatic stay because it terminated by operation of § 362(d)(23). We will not consider arguments raised for the first time in a motion for rehearing. *See JaKS Farm Custom Forage Harvesting, LLC v. Anderson (In re Anderson),* 308 B.R. 25, 27 (8th Cir. BAP 2004).

We find that we did not overlook or misapprehend a material matter of fact or law. The motion for reconsideration is denied.